PARNIS v CIVIL SERVICE COMMISSION

1. ADMINISTRATIVE LAW—CIVIL SERVICE COMMISSION—REVIEW—CONSTITUTIONAL LAW—SCOPE OF REVIEW.

    The proper scope of judicial review of a decision of the Michigan Civil Service Commission is the determination of whether the commission's decision is authorized by law and, in cases in which a hearing is required, whether supported by competent, material and substantial evidence on the whole record (Const 1963, art 6, § 28).

2. ADMINISTRATIVE LAW—CIVIL SERVICE COMMISSION—ADMINISTRATIVE PROCEDURES ACT—REVIEW—STATUTES.

    The Michigan Civil Service Commission is expressly excluded from the provisions of the Administrative Procedures Act relating to judicial review of administrative decisions (MCLA 24.203[2]; MSA 3.560[103][2]).

3. ADMINISTRATIVE LAW—CIVIL SERVICE COMMISSION—REVIEW—EVIDENCE.

    A decision of the Michigan Civil Service Commission should be upheld if it is supported by such evidence as a reasonable mind would accept as adequate to support the decision; a preponderance of the evidence supporting the decision is not required.

4. ADMINISTRATIVE LAW—CIVIL SERVICE COMMISSION—CLASSIFICATION OF POSITIONS—CONSTITUTIONAL LAW.

    The Civil Service Commission is charged with the classification of civil service positions; therefore, any conflict between the requirements imposed by the commission for a particular classification and those imposed by another agency must be resolved, for purposes of classification, in favor of the commission (Const 1963, art 11, § 5).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 2 Am Jur 2d, Administrative Law § 553 *et seq.*
    15A Am Jur 2d, Civil Service § 79 *et seq.*
[3] 2 Am Jur 2d, Administrative Law § 686.
[4–6] 15A Am Jur 2d, Civil Service § 19 *et seq.*

5. Administrative Law—State Agencies—Classification of Positions—Civil Service Commission—Requirements.

State agencies should not be precluded from imposing higher qualifications upon candidates for a position than the minimum requirements imposed for that classification by the Civil Service Commission.

6. Administrative Law—Civil Service Commission—Classification of Positions.

The Civil Service Commission may not arbitrarily classify one position at a lower level than another position if the duties and responsibilities of both positions are equal; however, if the duties and responsibilities of two positions are not equal, different classifications are valid.

Appeal from Ingham, James T. Kallman, J. Submitted June 22, 1977, at Lansing. (Docket No. 30826.) Decided November 21, 1977.

William R. Parnis requested that his position as an Appeals Executive of the Michigan Employment Security Appeal Board be given a higher classification. The Civil Service Commission denied the reclassification. Plaintiff appealed to the circuit court, which reversed the commission's decision, ordering plaintiff's position reclassified and awarding damages. The Civil Service Commission and its individual commissioners appeal. Reversed.

*Anderson, Carr & Street,* for plaintiff.

*MacLean, Seaman, Laing & Guilford,* for defendants.

*Amicus Curiae: Michigan State Employees Association (by Fraser, Trebilcock, Davis & Foster [by Michael E. Cavanaugh]).*

Before: D. F. Walsh, P. J., and Quinn and H. D. Stair,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

D. F. WALSH, P. J. The Civil Service Commission denied plaintiff's request for reclassification from Appeals Executive 15 to Appeals Executive 16. The circuit court reversed and the commission appeals.

Plaintiff applied for his position as Appeals Executive 15 in response to a notice placed in the Michigan State Bar Journal by the Michigan Employment Security Appeal Board. The notice stated the qualifications to be graduation from an accredited law school; State Bar membership; at least 5 years of practice before Michigan or Federal courts; and administrative quasi-judicial practice or equivalent thereof in a legal specialty. Plaintiff was hired and began work on January 7, 1973.

On February 11, 1975, plaintiff filed a reallocation request asking that his position be reclassified to Appeals Executive 16. The request was denied on April 21, 1975, by the Classification and Compensation Bureau of the Civil Service Commission. Plaintiff appealed the denial and a hearing was held on June 23, 1975, before a technical hearing officer who approved the denial in a decision dated August 7, 1975. At its meeting of October 17, 1975, the Civil Service Commission affirmed the action of the technical hearing officer by denying plaintiff's request for leave to appeal.

Plaintiff appealed to the circuit court pursuant to GCR 1963, 706.3 and MCLA 24.301 *et seq.;* MSA 3.560(201) *et seq.*

The circuit court reversed the commission; reclassified plaintiff's position from Appeals Executive 15 to Appeals Executive 16; and awarded damages in an amount equal to the difference in compensation between the level 15 and the level 16 classifications.

At issue in this case is, first, the proper scope of

judicial review of final determinations of the Civil Service Commission and, second, the propriety of the Civil Service Commission's denial of plaintiff's request for reclassification.

The minimum scope of judicial review of administrative action is prescribed in Const 1963, art 6, § 28:

"Sec. 28. All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are *authorized by law; and in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.* Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law." (Emphasis added.)

In the instant case a hearing was required by Civil Service Commission rules.[1]

The Michigan Supreme Court has ruled that the scope of review of final decisions of the State Civil Service Commission is that provided in the above quoted section of the Constitution. *Viculin v Department of Civil Service,* 386 Mich 375, 392; 192 NW2d 449 (1971). The proper scope of review in this case, therefore, is whether the Civil Service Commission's decision was authorized by law and supported by competent, material and substantial evidence on the whole record.

The circuit court's adoption of the provisions of the Administrative Procedures Act relating to ju-

---

[1] Grievance and Appeal Procedure for Employees in State Civil Service, Article IV, January 29, 1975.

dicial review of administrative decisions, MCLA 24.306; MSA 3.560(206), was erroneous. The Administrative Procedures Act expressly excludes from its ambit the Civil Service Commission. MCLA 24.203(2); MSA 3.560(103)(2).[2]

The Michigan Constitution requires the Civil Service Commission to classify positions in the classified service according to their respective duties and responsibilities. Const 1963, art 11, § 5. We have reviewed the entire record and carefully considered the arguments of counsel. We find nothing therein which supports the conclusion that the commission action being reviewed in this case was not authorized by law.

Moreover, we find no basis for reversal under the "substantial evidence" standard of review. Under that standard the commission's action must

---

[2] The Supreme Court, by rule, adopted the provisions of the Administrative Procedures Act as the *method* of review "provided by law" in appeals from administrative agencies.

"To promote uniformity of the appeal process from administrative agencies, this Court adopted, effective July 12, 1971, GCR 1963, 706.3 which will govern all appeals from the Michigan Civil Service Commission in the future:

" '3. Appeals from Michigan Civil Service Commission. Appeals from a decision of the Michigan Civil Service Commission shall be filed in the circuit court following the provision for appeals from administrative agencies as provided in the Administrative Procedures Act of 1969, as amended being MCLA § 24.201 *et seq.'* See 385 Mich xl (1971).

"This rule is now the *method* of review 'provided by law' in Const 1963, art 6, § 28. It was adopted pursuant to the power vested in the Supreme Court by Const 1963, art 6, §§ 5 and 13." (Emphasis added.) *Viculin v Department of Civil Service,* 386 Mich 375, 396, fn 20; 192 NW2d 449 (1971).

The Court, however, apparently did not intend to adopt the provisions of the Administrative Procedures Act relating to *scope* of review. MCLA 24.306; MSA 3.560(206). We reach this conclusion from the fact that GCR 1963, 706.3, became effective July 12, 1971, but in *Peterson v Department of Natural Resources,* 392 Mich 68, 71, fn 1; 219 NW2d 34 (1974), which was decided June 25, 1974, the Court indicated that the proper *scope* of review of final decisions of administrative agencies was still that provided for in the Constitution. Const 1963, art 6, § 28.

be upheld if it is supported by such evidence as a reasonable mind would accept as adequate to support the decision. *Michigan Employment Relations Commission v Detroit Symphony Orchestra, Inc,* 393 Mich 116; 223 NW2d 283 (1974), *Dillon v Lapeer State Home and Training School,* 364 Mich 1; 110 NW2d 588 (1961). A preponderance of evidence supporting the decision is not required. *Soto v Director of the Michigan Department of Social Services,* 73 Mich App 263; 251 NW2d 292 (1977), *Rinaldi v City of Livonia,* 69 Mich App 58; 244 NW2d 609 (1976), 2 Am Jur 2d, Administrative Law, § 688, p 573, see, *Viculin v Department of Civil Service, supra,* at 403, n 26.

Here the commission found that plaintiff's position was not as strong as the level 16 positions of worker's compensation referee or employment security referee because the latter positions require bar membership and involve decision making responsibilities whereas the plaintiff's position does not. The commission further found that plaintiff's position was weaker than the Appeal Executive 16 position because the latter entails supervisory duties and presentation of cases in the state and Federal courts, whereas plaintiff's position involves neither of these responsibilities.

Plaintiff argues vigorously that bar membership is a requirement for his position and that the commission's contrary determination was erroneous. He maintains that the notice placed in the bar journal by the Michigan Employment Security Appeal Board is evidence of that qualification. He also contends that the commission is estopped from denying the bar membership requirement because of the representation made in that notice.

It appears from the record that the appeal board does in fact require bar membership for plaintiff's

position. The record also shows, however, that the Civil Service Commission does *not* include bar membership as a requirement for classification as a level 15 appeals executive.

It is the commission and not the appeal board which is constitutionally charged with classification of civil service positions. Const 1963, art 11, § 5. Thus, any conflict between the requirements imposed by the commission and those imposed by another agency must be resolved, for purposes of classification, in favor of the former. Plaintiff's reasoning would effectively transfer the classification power to any agency imposing qualifications higher than the commission's minimum requirements. That result would contravene the express intent of the above constitutional provision.

It does not follow, however, that agencies should be precluded from imposing such higher qualifications. Doing so is certainly consistent with the *raison d'etre* of the civil service—to render more efficient service to the public by obtaining more efficient public servants. *Reed v Civil Service Commission,* 301 Mich 137; 3 NW2d 41 (1942), 15A Am Jur 2d, Civil Service, § 1, p 5. To limit such agencies to using the minimum civil service requirements in screening candidates would require those agencies to interview and "consider" all minimally qualified applicants while intending to consider seriously only those with the additional qualifications desired by the agency. We see no reason to impose such a requirement. Nor do we perceive any reason for not permitting individual agencies to impose such qualifications as they deem necessary to insure optimal service by those agencies to the people of this state.

The Civil Service Commission may not arbitrarily classify one position at a lower level than

another position if the duties and responsibilities of both positions are equal. The different classifications are valid, however, if the duties and responsibilities of two positions are not equal. And the fact that another state agency requires applicants for the lower level position to have virtually the same qualifications that the Civil Service Commission requires of applicants for the higher level position does not impose a duty upon the commission to reclassify.

In the instant case, the commission found that the duties and responsibilities of plaintiff's position, as well as the qualifications required by the Civil Service Commission for that position, were not equal to the duties, responsibilities and qualifications of an Appeals Executive 16. These findings were supported by competent, material and substantial evidence. They should not have been set aside.

The circuit court is reversed. The decision of the Civil Service Commission is reinstated. No costs, a public question.