## CIRCUIT COURT OF THE CITY OF RICHMOND

G. H. Applegate et al.

v.

Commonwealth of Virginia,
Commission of Game
and Inland Fisheries

November 13, 1979

Case No. G-3641–2

BY JUDGE MARVIN F. COLE

Seven Virginia turkey hunters filed this suit seeking to enjoin the Commission of Game and Inland Fisheries from putting into effect certain regulations affecting the season and bag limits on hunting wild turkeys. The complainants contend that the Commission failed to follow proper statutory procedure in adopting the regulations and that the new regulations "constitute an unreasonable threat to the wild turkey population of Virginia."

The Commission has responded with a demurrer, which asserts among other things that an injunction is not an appropriate form of relief in the present case.

Courts presume that administrative acts are reviewable even where the statute is silent on the matter. This presumption, however, may be rebutted by evidence of a contrary legislative intent. In the present case, two statutes suggest that review would be inappropriate. Virginia Code Section 29–127 now specifies that Commission regulations are to remain in effect until altered by the Commission or a joint session of the General Assembly. Moreover, the Administrative Process Act (APA) expressly exempts the Commission from its coverage. However, cases from other jurisdictions dealing with similar exceptions have not treated them as preclusive of review.

Does the court have authority to enjoin the Commission from enforcing the newly-adopted regulations?

Administrative statutes frequently are silent on the matter of judicial review. Over the years, courts asked to review such statutes have developed a presumption of reviewability, which can be rebutted by evidence of special circumstances or a legislative intent to preclude review. Although there is some statutory language which suggests that actions of the Commission are not reviewable in court, cases from other jurisdictions seem to discount the impact of the language. Thus, the regulations may be reviewable, depending upon the interpretation the court chooses to place on the statutory language.

Professors Davis and Jaffe, two commentators who have dealt extensively with administrative law, phrase the question of reviewability in terms of a presumption. They state that over the years, the presumption has shifted to a position favoring reviewability. Today, courts assume that they may review the actions of administrative agencies unless a contrary legislative intent appears in the statutory scheme or legislative history. K. Davis, *Administrative Law Text*, § 28.02 (1972); L. Jaffe, *Judicial Control of Administrative Action*, 336-53 (1965). This rule is stated in 2 Am. Jur. 2d *Administrative Law*, § 558 at 368-69 (1962),. as follows:

> [t]he question whether judicial review of administrative action will be provided where the legislature is silent depends on the whole setting of the particular statute and the scheme of regulation which is adopted. While in certain cases, judicial review is denied in the absence of statute, such denial follows from the existence of a legislative intent to exclude judicial review determined upon a consideration of all the factors involved in the particular situation. On the other hand, it is held that the right and power of judicial review do not depend upon the presence of specific statutory authorization; that failure to expressly provide for an appeal or review is of no consequence, since the necessary judicial review or relief, particularly that required by the Constitution, will be provided by the courts; and that administrative action is final only where it is clear from the statutory scheme that judicial review is precluded. (Footnotes omitted.)

In the present case, the relevant statutory scheme is silent on the question of judicial review. Virginia Code §§ 29–125 through 29–130.1 prescribe the procedural guidelines for the adoption of regulations by the Commission, but the statutes do not mention judicial review. Thus, whether judicial review is precluded must turn on the statutory scheme. To argue that the statutory scheme precludes review, the Commission could point to at least two statutory provisions.

The first statute, Va. Code § 29–127, states that any regulation promulgated by the Commission "shall remain in effect until it is overruled by a joint resolution of the General Assembly or repealed by the Commission." This language is the product of a 1979 amendment. There does not appear to be any relevant legislative history that will help explain its meaning.

The second statute is part of the Administrative Process Act (APA), Va. Code § 9–6.14:1 et seq. The definitions sections of the APA, Va. Code § 9–6.14:4.A(iia), specifically excludes the Commission of Game and Inland Fisheries from the definition of an "agency" and, consequently, from the scope of the APA. Since the APA provides for judicial review of regulations promulgated by agencies subject to its provisions (*see* Va. Code §§ 9–6.14:15-19), the exclusion of the Commission could be interpreted as evidence of a legislative intent to preclude judicial review of Commission regulations. Unfortunately, there is no relevant legislative history on the exclusionary clause. The legislative documents reveal only that the exclusion was added to the 1952 version of the APA in 1960 and to the 1975 version in 1977.

Virginia is one of several states that have adopted a general definition of an "agency," and then have enacted specific exclusions from that definition. Maryland, Indiana, Georgia, Massachusetts, and Michigan all use the same device. In these states, a few cases have arisen that have dealt with judicial review of administrative agencies that are specifically excluded from the APA definition of an agency. For the most part, these courts have proceeded to review the actions of the administrative agencies in accordance with general principles of administrative law despite the APA exemptions. In short, the courts that have considered the question have not treated APA exemptions as preclusive of judicial review.

In *New Bedford Gas and Edison Light Co. v. Board of Assessors,* 368 Mass. 745, 335 N.E.2d 897 (1975), for example, a 1968 amend-

ment to the Massachusetts APA specifically excluded the Board of Tax Appeals from the scope of the Act. Mass. Stat. Ann. Ch. 30A § 1(2). Nonetheless, when the plaintiff challenged an assessment by his local tax board and then appealed that decision to the appellate tax board, the court granted him judicial review. The court acknowledged that the 1968 amendment made the APA inapplicable but then announced that the appellate board is still bound by the general principles of administrative law. Accordingly, the court reviewed the board's findings and concluded that they were supported by substantial evidence. *Accord, Board of Assessors v. Pioneer Valley Academy, Inc.*, 355 Mass. 610, 246 N.E.2d 792 (1969).

Similarly, a Michigan court applied the substantial evidence [test to] a decision of the state civil service commission in *Parnis v. Michigan Department of Civil Service*, 79 Mich. App. 625, 262 N.W.2d 883 (1977). The appellate court admonished the trial court for applying the APA, since the civil service commission is specifically excluded from the Act by Mich. Stat. Ann. § 24.203(7) (1979 Supp.). Nevertheless, the appellate court reviewed the commission's findings under general principles and upheld the decision.

In *Urbana Civic Association v. Urbana Mobile Village, Inc.*, 260 Md. 458, 272 A.2d 628 (1971), the APA did not exclude the local county commissioners specifically, but the court interpreted the definition of "agency" to apply only to statewide bodies. Consequently, the plaintiff's challenge to a county ordinance could not be heard on appeal. The court did suggest, however, that the plaintiff bring an original action for mandamus or equitable relief.

A later Maryland court referred to this suggestion in *Maryland-National Capital Park and Planning Commission v. Rosenberg*, 269 Md. 520, 307 A.2d 704 (1973). There, the plaintiff sought mandamus to compel a planning commission to approve his proposed subdivision plat. Citing *Urbana*, the court noted that since the APA did not apply, there was no appeal from the commission's decision. Nevertheless, mandamus was available, and the court issued the writ when the plaintiff showed that the planning commission had acted arbitrarily and capriciously.

In another Maryland case, *Bernstein v. Board of Education*, 245 Md. 459, 226 A.2d 241 (1947), the court ruled that a county board of education was not a state agency within the meaning of the APA. Nevertheless, the court reviewed the board's action for illegality or abuse of discretion.

These courts all reviewed administrative actions even though the agencies either were specifically excluded from the APA or did not fall into the general definition of an agency contained in the statute. The holdings suggest that the statutory exemption for the Commission of Game and Inland Fisheries alone should not rebut the presumption of reviewability. However, under the facts and circumstances in this case, it appears to me that there is sufficient evidence of a legislative intent to preclude judicial review of the decisions and regulations of the Commission of Game and Inland Fisheries. The statutes reserving review of commission regulations for the General Assembly and also exempting the Commission from the APA and its judicial review procedure suggests that the legislature meant to deprive the courts of their power to review Commission regulations. This court so finds in this case.

Virginia follows the rule that "due process" of law does not require court review of decisions and regulations of administrative agencies. The General Assembly is limited only by the Constitution of Virginia, and there is no constitutional provision that calls for judicial review of administrative agencies.

Furthermore, the bill of complaint filed in this case does not allege the violation of any constitutional rights of the complainants.

For the reasons set forth above, I must sustain the demurrer filed by the defendant.