KIEFFER v BOARD OF MEDICINE

Docket No. 80123. Submitted March 19, 1985, at Detroit.—Decided
    May 8, 1985.

The State of Michigan, Department of Licensing and Regulation,
    Board of Medicine, revoked the medical license of Earl G.
    Kieffer, M.D., after finding that Kieffer had violated the Public
    Health Code by selling prescriptions for controlled substances
    and work excuses to persons without examining them and
    without taking medical histories or maintaining proper medical
    records. Kieffer petitioned the Wayne Circuit Court for review
    of the board's order and that court, Claudia House Morcom, J.,
    vacated the board's order, holding that the board abused its
    discretion by revoking Kieffer's license in that revocation was
    too harsh a disciplinary measure. The respondent board ap-
    pealed, alleging that the lower court erred by vacating the
    board's order. *Held:*

    There was no question in this case of whether the board's
    decision was supported by competent, material and substantial
    evidence as the petitioner admitted to his violations of the
    Public Health Code. The board's decision should not be dis-
    turbed absent an abuse of discretion. In this case the board did
    not abuse its discretion, and the circuit court erred in vacating
    the board's decision.

    Reversed, and the board's decision is reinstated.

LICENSES — REVOCATION OF LICENSE — ABUSE OF DISCRETION —
    JUDICIAL REVIEW.

    A state licensing board's decision to revoke a license should not
    be disturbed, absent an abuse of discretion, where there is no
    dispute with regard to whether the decision was supported by
    competent, material and substantial evidence.

*Evans & Luptak* (by *Gordon S. Gold),* for plain-
tiff.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCE FOR POINTS IN HEADNOTE
51 Am Jur 2d, Licenses and Permits § 83.

*Caruso,* Solicitor General, and *Howard C. Marderosian,* Assistant Attorney General, for defendant.

Before: WAHLS, P.J., and BRONSON and T. C. MEGARGLE,\* JJ.

PER CURIAM. Respondent State of Michigan, Department of Licensing and Regulation, Board of Medicine, appeals as of right from an order of the Wayne County Circuit Court which reversed a board order revoking the medical license of petitioner, Earl G. Kieffer, M.D.

In October, 1982, the Attorney General filed a complaint and amended complaint alleging that petitioner violated certain provisions of the Public Health Code, MCL 333.1101 *et seq.;* MSA 14.15(1101) *et seq.,* and that discipline was warranted. Petitioner's license was summarily suspended, pending hearing and decision by the board.

The complaint alleged, in essence, that petitioner sold prescriptions for controlled substances and work excuses to two undercover investigators and other persons without examining them to determine their medical condition and without taking a medical history or maintaining proper medical records. It was alleged that between February 18, 1982, and August 24, 1982, petitioner provided various prescriptions to the two undercover agents (one from the Department of Licensing, one from the Wayne Police Department) for controlled substances such as Valium, Activan and Talwin, and medical excuses for their purported employers, without taking medical histories or examining them to determine if there was a legitimate need for drugs or work excuses. It was also alleged that records seized from petitioner showed

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

he prescribed drugs and work excuses to other individuals also. It was alleged that petitioner, through this activity, violated subdivisions (a), (b)(i), and (c)(iv) of § 16221 of the Public Health Code, MCL 333.16221; MSA 14.15(16221).

A hearing was held before an administrative law examiner at which petitioner admitted, for the purposes of the hearing, all the allegations in the complaint. While petitioner did not dispute that discipline was required, he requested that his license be limited so that he could continue to practice as an assistant in surgery, rather than a more severe sanction.

The examiner issued his opinion on May 10, 1983, which accurately summarized the evidence presented at the hearing. On June 29, 1983, the board, adopting the examiner's findings and conclusions, issued a final order revoking petitioner's medical license.

On August 25, 1983, in Wayne County Circuit Court, petitioner filed for review of the board's order as authorized by MCL 24.301; MSA 3.560(201).

On August 16, 1984, the lower court issued its opinion holding that the board abused its discretion by revoking petitioner's license, the discipline being too harsh. The court believed that the period between the time petitioner's license had been summarily suspended and the time the opinion was issued, a period of over one and one-half years, was an adequate period of suspension. The court, therefore, vacated the board's order.

An order effecting this decision was entered on August 16, 1984, from which respondent now appeals. On September 11, 1984, this Court granted respondent's motion for a stay of the lower court order.

Respondent board argues that the lower court

erred by vacating its order which revoked petitioner's medical license. We agree. Judicial review of an agency's decision such as the board's determination to revoke petitioner's license is authorized by the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* The scope of review is set forth in MCL 24.306; MSA 3.560(206):

"(1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

"(a) In violation of the constitution or a statute.

"(b) In excess of the statutory authority or jurisdiction of the agency.

"(c) Made upon unlawful procedure resulting in material prejudice to a party.

"(d) Not supported by competent, material and substantial evidence on the whole record.

"(e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.

"(f) Affected by other substantial and material error of law.

"(2) The court, as appropriate, may affirm, reverse or modify the decision or order or remand the case for further proceedings."

The lower court determined that the board abused its discretion by imposing the sanction of revocation. There is no question here whether the board's decision is supported by competent, material and substantial evidence since petitioner stipulated to the facts in the complaint. In so ruling, the lower court relied almost totally on *Marrs v Michigan Bd of Medicine,* 129 Mich App 559; 341 NW2d 543 (1983), as does petitioner on appeal. We believe such reliance is misplaced.

In *Marrs,* this Court modified a circuit court

order which affirmed a board order disciplining a physician. The board suspended Dr. Marrs's license for one year, reprimanded him, and imposed restrictions on his license thereafter, after finding, among other things, that he improperly prescribed amphetamines to two patients. Noting that "the board failed to consider * * * numerous mitigating factors", that the "facts simply do not warrant as severe a penalty as a one-year suspension", and that the one-year suspension did not "further serve to protect the public", this Court held the board abused its discretion by imposing too severe an order of discipline. The *Marrs* Court quoted the hearing officer's findings concerning mitigating circumstances as follows:

" 'First of all, all the testimony indicated that licensee was acting in good faith. He was attempting to keep these people functional, as he perceived that concept to be. He also saw these patients frequently, and prescribed in small doses to increase his ability to monitor their progress. At no point is there any suggestion of malice, personal gain, disregard of the welfare of patients, or any other scurrilous motive. Much of the testimony had to do with the opinion that licensee's main flaw was that he was a "soft touch". I strongly suggest that the board give this factor great consideration in its deliberations.

" 'Secondly, both of these patients were described by all of the witnesses as very tough to handle. They were very street-smart, had a history of drug dependency, and generally knew how to play the game of securing the drugs they thought they needed. Combining these patients with someone like licensee creates the potential for the kind of problems that arose in this case. It should also be noted that licensee is now primarily engaged in the practice of surgery, and will, in all likelihood, not find himself in this compromising situation again.' " 129 Mich App 563-564.

The Court found, based on the "particular facts"

before it, that the board abused its discretion by imposing the sanction it did, and it reduced the suspension from one year to one month. 129 Mich App 564.

The facts in the present case are in stark contrast to those in *Marrs*. Dr. Marrs's violations clearly occurred in the course of a good faith, bona fide effort to treat two of his patients and did not result from personal gain, disregard of the patients' welfare, or any other "scurrilous motive". Here, however, the record shows that petitioner, for profit, or perhaps due to a personality disorder, provided a plethora of phony work excuses and drug prescriptions to persons he did not examine. Petitioner's repeated and flagrant violations of the Public Health Code, which he admitted, cannot fairly be analogized to Dr. Marrs's transgressions.

Although the board may have reasonably chosen to view the testimony differently and order a less severe sanction, it certainly was not required to do so. A board's decision to revoke a license should not be disturbed absent an abuse of discretion. *DeHart v State Board of Registration in Podiatry,* 97 Mich App 307; 293 NW2d 806 (1980). The board's decision was clearly not an abuse of discretion and was appropriate under the facts of this case. Accordingly, the lower court lacked authority to set it aside. We therefore reverse the decision of the circuit court, reinstating the board's decision.

Reversed.