SIBEL v DEPARTMENT OF STATE POLICE

Docket No. 80627. Submitted May 8, 1986, at Detroit. Decided July
    23, 1986. Leave to appeal applied for.

    Prior to January 1, 1958, officers of the Michigan State Police did
    not receive overtime compensation for hours worked in excess
    of the standard minimum work week. After January 1, 1958,
    the Civil Service Commission issued a rule whereby police
    officers would be allowed to "bank" any hours worked over
    ninety-six hours in a two-week period. An officer could use this
    banked time only if he became ill or injured and had exhausted
    his available sick and vacation time. In 1963, the Civil Service
    Commission discontinued the bank time policy and ordered
    that state police personnel be paid compensation or given comp
    time for all overtime worked. However, all banked time earned
    prior to 1963 was still available to those who had earned it.
    Petitioners, Detective Sergeant John Sibel and others, brought
    an action in the Court of Claims against respondents, the
    Department of State Police and the Civil Service Commission,
    seeking monetary compensation for all unused bank time
    earned from 1958 through 1963. The Court of Claims issued an
    opinion in favor of the petitioners, awarding them compensa-
    tion for unused bank time. The Court of Appeals subsequently
    vacated that judgment and remanded the case to the Civil
    Service Commission for an administrative hearing, finding that
    petitioners had failed to exhaust their administrative remedies.
    The parties agreed to nonbinding arbitration in lieu of an
    administrative hearing. On August 19, 1982, the arbitrator
    denied the petitioners' grievance. After reviewing the record,
    the arbitrator concluded that retired police personnel were not
    entitled to compensation for unused bank time because nothing
    contained in the Civil Service Commission's rules or the bank
    time policy itself suggested that such compensation was ever
    intended. The decision of the arbitrator was affirmed by the

REFERENCECS

Am Jur 2d, Administrative Law §§ 539-552.

Applicability of stare decisis doctrine to decisions of administrative
    agencies. 79 ALR2d 1126.

See also the annotations in the Index to Annotations under Admin-
    istrative Law.

Employment Relations Board of the Civil Service Commission. Petitioners petitioned the Wayne Circuit Court for review. The court, Charles Kaufman, J., affirmed. Petitioners appealed.

The Court of Appeals *held:*

Petitioners are not entitled to compensation for unused bank time.

Affirmed.

1. ADMINISTRATIVE LAW — APPEAL.

Generally, judicial review of an administrative decision is limited to whether the decision is authorized by law and supported by competent, material and substantial evidence on the record; under this standard, the agency's decision must be upheld if it is supported by such evidence as a reasonable mind would accept as adequate to support the decision (Const 1963, art 6, § 28).

2. ADMINISTRATIVE LAW — APPEAL.

On appeal of an administrative agency's decision, deference should be given to the agency's interpretation of its own rule.

*James F. Finn* and *Victor G. Hanson,* for claimants.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Arthur E. D'Hondt* and *Robert S. Welliver,* Assistant Attorneys General, for the Department of State Police and Department of Civil Service.

Before: BRONSON, P.J., and GRIBBS and M. E. CLEMENTS,* JJ.

PER CURIAM. Petitioners, a class of retired state police personnel, appeal as of right from an order of the Wayne Circuit Court affirming a decision of the Michigan Civil Service Commission which denied the petitioners' claim for monetary compensation for unused "bank time." After a careful review of the record, we affirm.

The facts necessary for this appeal are not in

* Circuit judge, sitting on the Court of Appeals by assignment.

dispute. Prior to January 1, 1958, officers of the Michigan State Police did not receive overtime compensation for hours worked in excess of the standard minimum work week. After January 1, 1958, the Civil Service Commission issued a rule whereby police officers would be allowed to "bank" any hours worked over ninety-six hours in a two-week period. An officer could use this banked time only if he became ill or injured and had exhausted his available sick and vacation time.

In 1963, the Civil Service Commission discontinued the bank time policy and ordered that state police personnel be paid compensation or given comp time for all overtime worked. However, all banked time earned prior to 1963 was still available to those who had earned it. In 1974, petitioners filed an action in the Court of Claims against the Civil Service Commission and the Department of State Police seeking monetary compensation for all unused bank time earned from 1958 through 1963. On June 9, 1978, the Court of Claims issued an opinion in favor of the petitioners, awarding them compensation for unused bank time. However, this Court subsequently vacated that judgment and remanded the case to the Civil Service Commission for an administrative hearing, finding that petitioners had failed to exhaust their administrative remedies.

On remand, the parties agreed to nonbinding arbitration in lieu of an administrative hearing. On August 19, 1982, the arbitrator denied the petitioners' grievance. After reviewing the record, the arbitrator concluded that retired police personnel were not entitled to compensation for unused bank time because nothing contained in the Civil Service Commission's rules or the bank time policy itself suggested that such compensation was ever intended. The decision of the arbitrator was af-

firmed by the Employment Relations Board of the Civil Service Commission and the Wayne Circuit Court.

On appeal, petitioners argue that the circuit court erred by enforcing the decision of the Employment Relations Board of the Civil Service Commission that they were not entitled to monetary compensation on retirement for unused bank time. Generally, judicial review of an administrative decision is limited to whether the decision is authorized by law and supported by competent, material and substantial evidence on the record. Const 1963, art 6, § 28; *Iams v Civil Service Comm,* 142 Mich App 682, 692-693; 369 NW2d 883 (1985). Under this standard, the Civil Service Commission's action in this case must be upheld if it is supported by such evidence as a reasonable mind would accept as adequate to support the decision. *Parnis v Civil Service Comm,* 79 Mich App 625, 629; 262 NW2d 883 (1977). Further, deference should be given to an agency's interpretation of its own rules. See, *Nicholas v Michigan State Employees Retirement Bd,* 144 Mich App 70; 372 NW2d 685 (1985). Only if the decision of the commission is not authorized by law or amounts to arbitrary action will this Court reverse. *Iams, supra.*

In this case, petitioners argue that the commission's rules and the adoption of the bank time policy impliedly indicate that the commission intended to compensate state police personnel for overtime worked and, therefore, retired state police employees should be paid for their unused bank time. Thus, to properly resolve this appeal, a review of the relevant rules relative to overtime compensation is necessary.

In part, petitioners base their theory of recovery upon Rule x of the Civil Service Commission, which was adopted in 1941 and in effect when the

bank time policy was adopted. The rule reads as follows:

HOURS OF SERVICE.

Forty (40) hours of actual attendance on duty shall constitute a minimum work week, and forty-eight (48) hours of actual attendance on duty shall constitute a maximum work week for every full-time employee in the state civil service. The exact number of work hours in a particular division of state government shall be determined by the appointing authority and the director within the limits of this rule. The provisions of this rule shall be complied with as rapidly as the operating conditions of each agency of state government shall permit.

It shall be the duty of the director to enforce this rule and when he finds the same has been violated, to order the appointing authority to comply therewith, and to withhold all salary payments for the agency concerned until full compliance has been made.

Several other directives were issued by the Civil Service Commission after the enactment of Rule x concerning overtime compensation. In December of 1947, the commission issued the following directive:

TO ALL APPOINTING AUTHORITIES:

\* \* \*

Effective also on January 1, 1948, the 40-hour week enjoyed by most state employees will be extended to those institutions where a longer work week is now in effect. We realize of course that it may be a matter of some time before operating and labor market conditions will permit the institution of an actual 40-hour work week. In the meantime, payment for necessary overtime will have to be made. However, we should like to keep the overtime payment problem to a minimum and

suggest that the following criteria be applied before any overtime payment is requested:

1. Wherever possible, the hours of employees working in excess of 40, shall be reduced to 40 a week, thus eliminating the problem of overtime entirely.

2. In those instances where it is impossible to reduce hours without reducing standards of service, employees working in excess of 40 shall be compensated for overtime by equivalent time off at some later period.

3. When operating conditions are such that it is not feasible to permit employees working over 40 hours to take off equivalent time, such employees shall be reimbursed for hours in excess of 40 a week at straight time rates.

4. Overtime payment, when necessary, shall apply only to employees in grade levels II and below.

Further, on January 28, 1948, effective February 1, 1948, the Civil Service Commission issued a supplemental directive which reads as follows:

To: All Appointing Authorities

Subject: Revised method of paying State Employees effective February 1, 1948

\*   \*   \*

*Note:* Any hours worked in excess of the *regular* schedule of either 80, 88, or 96 hours, must be compensated for on a supplemental overtime payroll

*Note:* Please call to the immediate attention of the Civil Service Department any *regular* work schedule which does not conform to the above code

Despite Rule X and the other directives of the commission concerning compensation for overtime, by 1948 the state police were still working more than forty-eight hours per week without any overtime compensation or comp time arrangement. It

appears, however, that all other state classified employees were receiving some type of compensation for overtime worked in excess of forty-eight hours. Effective January 1, 1958, the Civil Service Commission adopted the "bank time" policy for state police personnel in lieu of overtime compensation. The policy was unique to the state police. The policy provided:

> Such time is recorded and "banked", and if a Trooper who has earned bank time should exhaust his earned sick leave, he may then draw on this "banked time" and continue to receive compensation although he is ill and not working.

In 1963, the bank time system was abandoned and an overtime/comp time policy was established. However, all bank time was still available for those who had earned such time.

Petitioners argue that the Civil Service Commission and the Department of State Police violated Rule x and the directives requiring the payment of overtime. Petitioners maintain that, to redress this problem, the respondents in 1958 established the bank time policy. Petitioners further maintain that the respondents again violated the overtime directives by banking overtime hours instead of compensating for them, and therefore retired state police personnel should now be paid for these overtime hours at the time of retirement. However, respondents contend that from 1958 to 1963 no rule mandated the payment of overtime and that there was never any understanding that enlisted state police personnel were to receive monetary compensation for unused bank time.

The arbitrator ruled that Rule x merely set the parameters of weekly hours, and did not intend to address compensation for overtime. Further, the

arbitrator determined that the directives of the Civil Service Commission pertaining to overtime were not intended to apply to the state police. Based on the testimony of various witnesses, the arbitrator concluded that the state police were historically perceived as a separate group having distinguishably greater working hours, and that they were compensated for such additional hours in their base salary. Finally, the arbitrator reasoned that, had the Civil Service Commission intended that such payment be made, the bank time policy would have specifically and expressly addressed that subject.

In our opinion, the decision of the arbitrator and the Employment Relations Board of the Civil Service Commission is authorized by law and supported by competent, material and substantial evidence. Both sides agree that the bank time policy does not on its face provide for monetary compensation for unused bank time.

Petitioners are arguing that it would be fair to compensate them for unused bank time because other classified state employees received overtime compensation. Petitioners attempt to infer a right to compensation in their particular case based on the general policy of compensating state employees for overtime. However, petitioners can point to no rule which actually required the state to compensate them. In fact, the individuals who devised the bank time policy testified that compensation was to be paid for overtime only under the conditions enumerated in the policy itself and all testified that monetary payment for unused bank time was never contemplated by either the Department of State Police or the Civil Service Commission.

The record reveals that the state police were traditionally treated differently in terms of overtime because it was common for them to work

longer hours. Officials from the Civil Service Commission testified that the longer hours worked by state police was a factor in determining their pay rates. Further, from 1958 to 1963, no rule of the Civil Service Commission made the payment of overtime compensation mandatory. Thus, the record supports the conclusion that it was never intended that retired state police officers would be compensated for unused bank time.

We also disagree with the petitioners' argument that the policy of not paying for unused bank time was arbitrary and capricious. The refusal to compensate retired state troopers for bank time, when no policy mandated such payment, was a valid economic decision and in compliance with Civil Service Commission rules as applied to the state police. We cannot say that the rules were arbitrary and capricious. Since petitioners can point to no rule or directive of the Civil Service Commission which suggests that it was intended that they be compensated for unused bank time, the circuit court did not err in affirming the decision of the commission.

Finally, we note that the issues raised by respondents in this appeal are not properly before this Court because no cross-appeal was filed. See MCR 7.207. In any event, since we have ruled against the petitioners on the substantive issue concerning their right to compensation, the issues raised by respondents need not be considered.

Accordingly, the judgment of the trial court affirming the decision of the Civil Service Commission is affirmed.

Affirmed. No costs, a public question being involved.