KIEFFER v DEPARTMENT OF LICENSING AND REGULATION

Docket No. 93921. Submitted June 16, 1987, at Detroit. Decided June 8, 1988.

Petitioner, Earl G. Kieffer, M.D., filed an application with the Michigan Board of Medicine seeking reinstatement of his license to practice medicine. The board denied the application for reinstatement. Petitioner appealed to the Wayne Circuit Court, naming the Department of Licensing and Regulation and the board of medicine as respondents. The court remanded the matter to the board with an order that a supplemental hearing take place on the issue of good moral character. Following the hearing, the hearing referee concluded that petitioner had demonstrated by clear and convincing evidence that he is of good moral character and that he meets the standard of having the propensity to serve the public in a fair, honest and open manner. The board rejected the referee's finding and entered an order denying reinstatement of petitioner's license. Petitioner appealed to the Wayne Circuit Court. The circuit court, Patrick J. Duggan, J., affirmed the board's decision denying reinstatement of petitioner's license, stating that such denial did not amount to an abuse of discretion. Petitioner appealed.

The Court of Appeals *held:*

The trial court erred in applying the abuse of discretion standard in reviewing the agency's decision. However, the error in applying the abuse of discretion standard was harmless. A reasonable mind could accept that adequate evidence was presented to support the agency's decision. The board did not err in declining to reinstate petitioner's license. There is competent, material and substantial evidence to support the agency's decision.

Affirmed.

1. ADMINISTRATIVE LAW — APPEAL — STANDARD OF REVIEW.

The standard of review applicable to decisions of an administrative agency or board is whether the decision is supported by

REFERENCES

Am Jur 2d, Administrative Law §§ 539 *et seq.,* 551, 552.
See the Index to Annotations under Administrative Law.

competent, material, and substantial evidence on the whole record (Const 1963, art 6, § 28).

2. ADMINISTRATIVE LAW — APPEAL — COURT OF APPEALS.

The Court of Appeals reviews decisions from administrative agencies by determining whether they are authorized by law and supported by competent, material and substantial evidence on the whole record; under this standard, the agency's decision must be upheld if it is supported by such evidence as a reasonable mind would accept as adequate to support the decision; deference should be given to an agency's interpretation of its own rules (Const 1963, art 6, § 28).

*Evans & Luptak* (by *Gordon S. Gold*), for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Howard C. Marderosian,* Assistant Attorney General, for respondents.

Before: H. HOOD, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

PER CURIAM. In October, 1982, petitioner's license to practice medicine was summarily suspended by the Michigan Board of Medicine. Petitioner was suspended after he was charged with violating the provisions of the Public Health Code, MCL 333.1101 *et seq.*; MSA 14.15(1101) *et seq.* Specifically, petitioner was charged with selling prescriptions for controlled substances and false work excuses. The complaint also alleged that petitioner failed to keep adequate medical records.

Subsequently, respondent board of medicine revoked petitioner's license in June, 1983. Petitioner immediately filed an appeal of the board's order revoking his license. In August, 1984, the Wayne Circuit Court issued an order vacating the board's final order and reinstating petitioner's medical

---

* Circuit judge, sitting on the Court of Appeals by assignment.

license. This order was appealed and this Court ultimately affirmed the revocation of petitioner's license. *Kieffer v Bd of Medicine,* 142 Mich App 825; 371 NW2d 462 (1985).

Petitioner filed an application for reinstatement of his license in July, 1984, in compliance with § 16245 of the Public Health Code. The board denied his application for reinstatement. Petitioner appealed to the Wayne Circuit Court, which remanded the matter to the board with an order that a supplemental hearing take place on the issue of good moral character. After listening to both parties' testimony at this hearing, the hearing referee concluded that petitioner had demonstrated by clear and convincing evidence that he is of good moral character and that petitioner meets the standard of having the propensity to serve the public in a fair, honest and open manner.

The board of medicine rejected the hearing referee's finding that petitioner was of good moral character, and entered a final order denying reinstatement of petitioner's license to practice medicine. Petitioner appealed the denial of the reinstatement of his license to the Wayne Circuit Court. The circuit court affirmed the board's decision denying petitioner reinstatement of his license, stating that such denial did not amount to an abuse of discretion. Petitioner now appeals to this Court.

We find that the trial court erred in applying the abuse of discretion standard in reviewing the agency's decision. The reviewing court must find that the agency's decision, at the very least, was supported by competent, material and substantial evidence. Const 1963, art 6, § 28; *Russo v Dep't of Licensing & Regulation,* 119 Mich App 624, 630-631; 326 NW2d 583 (1982).

However, the trial court's error in applying the

abuse of discretion standard is harmless. On appeal, this Court reviews the matter to determine whether it was authorized by law and supported by competent, material and substantial evidence. *Reed v Hurley Medical Center,* 153 Mich App 71, 75-76; 395 NW2d 12 (1986). Discussing this standard of review in a different context, this Court said in *Sibel v Dep't of State Police,* 154 Mich App 462, 465; 397 NW2d 828 (1986):

> Under this standard, the Civil Service Commission's action in this case must be upheld if it is supported by such evidence as a reasonable mind would accept as adequate to support the decision. *Parnis v Civil Service Comm,* 79 Mich App 625, 629; 262 NW2d 883 (1977). Further, deference should be given to an agency's interpretation of its own rules. See *Nicholas v Michigan State Employees Retirement Bd,* 144 Mich App 70; 372 NW2d 685 (1985). Only if the decision of the commission is not authorized by law or amounts to arbitrary action will this Court reverse.

In this case the record included evidence of petitioner's felony conviction, his probationary status, and the fact that he had refused to continue treatment with a therapist after his license was revoked. Petitioner, who had the burden of proving by clear and convincing evidence that his license should be reinstated, presented evidence of his having completed twenty-five hours of continuing medical training, testimony that he would change his bookkeeping practices, and several witnesses as to his good moral character.

Under these facts, a reasonable mind could accept that adequate evidence was presented to support the agency's decision. When the evidence for both sides is reviewed, and bearing in mind petitioner's burden, we conclude that the board of

medicine did not err in declining to reinstate petitioner's license to practice medicine. As stated in *Tuck v Ashcraft's Market, Inc,* 152 Mich App 579, 586; 394 NW2d 426 (1986):

> [W]here substantial evidence exists to support both sides and the agency must make a judgment assigning credibility to one side, we may not substitute our judgment for that of the agency.

Since there is competent, material and substantial evidence to support the agency's decision in this case, the decision of the board of medicine is affirmed.

Affirmed.