GRAVELY v PFIZER, INC

Docket No. 94787. Submitted October 20, 1987, at Detroit. Decided
    July 20, 1988. Leave to appeal applied for.

Rosemary Gravely, who worked as a sales representative, filed a
    written complaint with the Department of Labor, alleging that
    her former employer, Pfizer, Inc., violated the wages and fringe
    benefits act when it refused to pay certain compensation she
    claimed was due under a Pfizer written policy providing for the
    payment of incentive pay. The department denied Gravely's
    claim, finding no violation. On appeal submitted on stipulated
    facts, both a hearing referee for the department and the
    Oakland Circuit Court, David F. Breck, J., upheld the depart-
    ment's decision. Gravely appealed.

    The Court of Appeals held:

    1. Under the wages and fringe benefits act, compensation due
    an employee pursuant to a written policy providing for the
    payment of a bonus is a fringe benefit which must be paid in
    accordance with the written policy. Here, where payment of the
    disputed amount was based upon a formula explicitly set forth
    in a written policy by Pfizer and was based on a plan providing
    for an increased rate of payment as sales quotas were met or
    exceeded and was not a straight commission, the disputed
    amount was a bonus, which, under the terms of the written
    policy, was not payable to Gravely since she failed to satisfy a
    requirement under the policy.

    2. The Court of Appeals cannot address Gravely's quantum
    meruit claim since she failed to raise it below.

    Affirmed.

1. ADMINISTRATIVE LAW — APPEAL.

    Generally, judicial review of an administrative decision is limited
    to whether the decision is authorized by law and supported by
    competent, material and substantial evidence on the record;

REFERENCES

Am Jur 2d, Administrative Law §§ 553 et seq.
Am Jur 2d, Labor and Labor Relations § 910.
See the Index to Annotations under Administrative Law; Labor and
    Employment.

under this standard, the agency's decision must be upheld if it is supported by such evidence as a reasonable mind would accept as adequate to support the decision (Const 1963, art 6, § 28; MCL 24.306; MSA 3.560[206]).

2. ADMINISTRATIVE LAW — APPEAL — STIPULATED FACTS.

Where a case has been submitted to an administrative agency for a decision upon stipulated facts, those facts are taken as conclusive and the only question for a reviewing court is whether the agency's decision is supported by the stipulated facts.

3. ADMINISTRATIVE LAW — APPEAL — STATUTES — ADMINISTRATIVE RULES.

On appeal of an administrative agency's decision, deference is given to the agency's interpretation of statutes which it is charged with administering and administrative rules which it promulgated.

4. LABOR RELATIONS — WAGES AND FRINGE BENEFITS ACT — BONUSES.

Compensation due an employee pursuant to a written policy providing for the payment of a bonus is a fringe benefit under the wages and fringe benefits act and must be paid in accordance with the written policy (MCL 408.471[e], 408.473; MSA 17.277[1][e], 17.277[3]).

*Richard H. McDermott,* and *Frederick J. Franzel, Jr.,* for petitioner.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Joseph C. Marshall, III,* and *Katherine Wheeler King*), and *Richard H. Kapp,* of Counsel, for respondent.

Before: WALSH, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

PER CURIAM. Petitioner Rosemary Gravely appeals as of right from an order of the Oakland Circuit Court affirming a determination by the Michigan Department of Labor that petitioner was not entitled to receive any additional monetary

---

* Circuit judge, sitting on the Court of Appeals by assignment.

compensation from her former employer, Pfizer, Inc. Petitioner claimed that Pfizer's refusal to pay petitioner certain incentive pay at the time petitioner resigned her employment violated Michigan's wages and fringe benefits act, MCL 408.471 *et seq.*; MSA 17.277(1) *et seq.*, and the terms set forth in Pfizer's written policy concerning incentive pay. We agree with the Department of Labor's determination that no violation occurred and affirm the order of the trial court.

The following facts were stipulated to below by the parties. Petitioner worked for Pfizer from 1979 to 1983 as a sales representative and was paid a salary and incentive pay based on sales procured. The method for calculating incentive payments was contained in the "Bonus Incentive Plan" section of a company manual distributed annually by Pfizer. The amount of incentive pay earned was based on a graduated quota system, with the rate of incentive pay increasing as total sales reached or exceeded a set quota. Initially, there was no limitation on the amount of incentive pay a sales representative could be paid in a given year. In 1981, Pfizer revised its written policy concerning incentive pay by imposing a maximum payout of $15,000 per year for each sales representative. Incentive pay earned in excess of $15,000 was carried over to the next year. However, as a condition of receiving the "carry-over" balance, the sales representative had to again attain one hundred percent of his or her annual sales quota for the following year.

In 1981, petitioner's salary was $18,600 and she earned $5,480 in incentive pay. In 1982, petitioner earned $21,850 in salary and $42,446 in incentive pay. Due to the maximum payout provision, petitioner received $15,000 in incentive pay for 1982

sales generated and the unpaid balance of $27,446 was carried over to 1983.

In 1983, Pfizer amended its policy to provide for proration in the event of death, disability, approved leave of absence, retirement, or promotion of a representative or manager. Petitioner voluntarily terminated her employment with Pfizer on April 15, 1983. The period of January 1 to April 15, 1983, comprised approximately twenty-nine percent of the 1983 calendar year. As of March 30, 1983, petitioner's incentive pay earnings were projected to be $23,168 for the year. Upon her termination, petitioner was paid $3,000 incentive pay for sales generated in 1983.

Petitioner filed a complaint with the wage and hour administration of the Department of Labor for $27,446 in carry-over commissions from 1982 and for $3,718.72, which reflected twenty-nine percent of petitioner's total projected incentive earnings for 1983, minus the $3,000 already paid. The administrative agency denied petitioner's claim. Upon petitioner's appeal, which was submitted on stipulated facts, the ruling was affirmed by an administrative hearing referee and by the Oakland Circuit Court.

Petitioner asserts on appeal that the circuit court erred in affirming the decision of the administrative hearing officer. Generally, judicial review of an administrative decision is limited to whether the decision is authorized by law and supported by competent, material, and substantial evidence on the record. Const 1963, art 6, § 28; MCL 24.306; MSA 3.560(206); *Sibel v Dep't of State Police,* 154 Mich App 462, 465; 397 NW2d 828 (1986), lv den 428 Mich 870 (1987). The decision must be upheld if it is supported by such evidence as a reasonable mind would accept as adequate to support the decision. *Sibel, supra,* p 465. Where a case was

submitted to an administrative agency upon stipulated facts, such as the instant one, those facts are taken as conclusive and the only question for a reviewing court is whether the agency's decision is supported by the stipulated facts. *Farrimond v Bd of Ed of East Jordan Public Schools,* 138 Mich App 51, 56; 359 NW2d 245 (1984).

At issue is whether the incentive compensation earnings constituted "wages" or "fringe benefits." Petitioner argues that the disputed earnings were "commissions," which constituted "wages" within the meaning of MCL 408.471(f); MSA 17.277(1)(f), that must be paid pursuant to MCL 408.472; MSA 17.277(2). Pfizer argues, and the administrative hearing referee and circuit court agreed, that the monies constituted "bonuses" and, therefore, "fringe benefits" which were to be paid in accordance with the terms set forth in Pfizer's written policy. MCL 408.473; MSA 17.277(3).

The wages and fringe benefits act sets forth the following definitions of "wages" and "fringe benefits":

> (e) "Fringe benefits" means compensation due an employee pursuant to a written contract or written policy for holiday, time off for sickness or injury, time off for personal reasons or vacation, bonuses, authorized expenses incurred during the course of employment, and contributions made on behalf of an employee.
> (f) "Wages" means all earnings of an employee whether determined on the basis of time, task, piece, commission, or other method of calculation for labor or services except those defined as fringe benefits under subdivision (e) above. [MCL 408.471(e), (f); MSA 17.277(1)(e), (f).]

In making his determination, the hearing referee construed the provisions of the wages and

fringe benefits act. Appellate courts accord defer-
ence to the construction of a statute given by those
charged with administering it. *Tulsa Oil Corp v
Dep't of Treasury,* 159 Mich App 819, 824; 407
NW2d 85 (1987). Additionally, the hearing referee
relied on 1982 AACS, R 408.9002, which defines
the word "bonus" to mean a premium or extra or
irregular remuneration awarded to an employee at
the discretion of the employer pursuant to a writ-
ten contract or written policy. Deference should be
given to an agency's interpretation of its own
rules. *Sibel, supra,* p 465.

The administrative hearing referee concluded
that petitioner's incentive pay constituted a "bo-
nus," and therefore a fringe benefit, rather than a
"commission." His determination that the disputed
monies were fringe benefits distributable in accor-
dance with the terms of the company's written
policy pursuant to MCL 408.473; MSA 17.277(3) is
supported by competent, material, and substantial
evidence on the record and is authorized by law.
The payments were based upon a formula explic-
itly set forth in the Pfizer Bonus Incentive Plan
contained in the company's Integrated Manage-
ment System Manual. The disputed earnings were
not based on a straight commission. Rather, the
bonus incentive plan provided that the percentage
rate would be increased as total sales met or
exceeded a set quota. We agree that such a pro-
gram constituted a "bonus" plan. Since the dis-
puted monies were properly determined to be
"fringe benefits," not "wages," MCL 408.472; MSA
17.277(2) and MCL 408.475; MSA 17.277(5), regard-
ing the payment of "wages," are not applicable.

Under the terms of the bonus incentive plan,
petitioner had to attain one hundred percent of
her sales quota in 1983 at the time she resigned
her employment to be eligible for the carry-over

bonus from the previous year. Since petitioner terminated her employment prior to the closing date of the bonus period, she did not satisfy a condition precedent for the receipt of the incentive compensation, namely, attaining one hundred percent of quota in 1983. She forfeited her bonus eligibility for that period. Pfizer did not violate the terms of its fringe benefit policy when it refused to pay petitioner the "carry-over" balance of her 1982 bonus. Neither did Pfizer err when it refused to pay petitioner twenty-nine percent of her projected commission in 1983. The bonus plan was based on annual sales. Since petitioner did not work for Pfizer for the entire calendar year, she was only eligible to receive a quarterly draw. Since Pfizer paid petitioner the fringe benefits due her in accordance with the written policy, MCL 408.473; MSA 17.277(3) was not violated.

We are unpersuaded by petitioner's argument that, because Pfizer characterized the disputed earnings as commissions in the stipulation of facts submitted below, the administrative hearing referee was obligated under MCL 24.278(1); MSA 3.560(178)(1) to find that the earnings constituted commissions. Any characterization made below, even in the stipulation of facts, is not determinative since it is the legal status of those earnings which has been at issue.

Petitioner finally claims that she is entitled to the commissions earned because Pfizer benefited from those sales. This argument appears to be based on the equitable theory of quantum meruit. However, this Court cannot review the case de novo. Petitioner must seek such relief below.

Affirmed.