**In the Matter of Michael A. CHAPPO and Deborah E. Chappo, Debtors.**

**Wendy Turner Lewis, Trustee, Appellant,**

v.

**Michael A. Chappo and Deborah E. Chappo, Appellees.**

**Bankruptcy No. 99–59802–RRG.**

**No. 00–CV–73718–DT.**

United States District Court, E.D. Michigan, Southern Division.

Jan. 16, 2001.

Charles J. Schneider, Livonia, MI, for appellant.

Kevin C. Calhoun, Madison Heights, MI, for appellee.

### *OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER OF 8/11/00*

DUGGAN, District Judge.

#### Background

On December 21, 1999, Michael A. Chappo and Deborah E. Chappo ("the

Debtors") filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code. Wendy Turner Lewis is the acting Trustee (the "Trustee") in the case. At all relevant times Debtor Michael A. Chappo has been a salaried employee of Ford Motor Company. On March 15, 2000, Debtor Michael A. Chappo received a bonus ("the Bonus") of $15,057.00 from Ford Motor Company under the Ford Motor Company Performance Bonus Plan for Salaried Employees ("the Ford Bonus Plan").

The Debtors informed the Trustee of their receipt of the Bonus during a FED. R. BANKR.P. 2004 examination of the Debtors. The Debtors then amended their bankruptcy schedules on or about March 31, 2000, to reflect the existence of the Bonus on Schedule B: Personal Property, and the exemption and/or exclusion of the Bonus on Schedule C: Property Claimed as Exempt. The Debtors' first amended schedules asserted an exemption of the Bonus pursuant to 11 U.S.C. § 541(c). On April 27, 2000, the Trustee filed an Objection to the Debtors' Claimed Exemptions and Motion for Turnover of Property of the Bankruptcy Estate ("the Trustee's Objection and Motion"). On May 12, 2000, the Debtors amended their bankruptcy schedules to change the exemption of the Bonus from § 541(c) to § 541(a)(1) and (a)(6).

In her Objection and Motion, the Trustee asserted that the Bonus is property of the bankruptcy estate. The Debtors maintained that the post-petition Bonus is not property of the bankruptcy estate. After both parties submitted briefs supporting their positions, a hearing was held on the Trustee's Objection and Motion on June 22, 2000, before the Honorable Ray Reynolds Graves. Judge Graves denied the Trustee's Objection and Motion and held that the Bonus was excluded from property of the bankruptcy estate. (*See* Order of 8/11/00).

This matter is currently before the Court on the Trustee's appeal of the bankruptcy court's Order of 8/11/00. The Trustee contends that the bankruptcy court erred in finding that the Bonus paid to Debtors on March 15, 2000, is not property of the bankruptcy estate. The Trustee claims that Debtor Michael A. Chappo had a contingent interest in the Bonus at the time he filed his petition, and that such a contingent interest is property of the bankruptcy estate. The Trustee claims that to be eligible for the Bonus, an employee only had to be employed on December 1, 1999, and that "[n]o other requirement to receive a Bonus exists." (Appellant's Br. at 2). The Trustee argues that "at the time of the Debtors' bankruptcy filing (December 21, 1999) all of the elements necessary for the Debtors to receive the bonus had occurred." (*Id.* at 6). The Trustee therefore contends that "since the Debtor had the right to receive the Bonus at the time of the bankruptcy filing, this right (if any) is held by the bankruptcy estate" under § 541. (*Id.*).

*Standard of Review*

■ "The bankruptcy court makes initial findings of fact and conclusions of law. The district court then reviews the bankruptcy court's findings of fact for clear error and the bankruptcy court's conclusions of law de novo." *Rembert v. AT & T Universal Card Services, Inc.* (*In re Rembert*) 141 F.3d 277 (6th Cir.1998) (quoting *Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Serv. Inc.)*, 106 F.3d 1255, 1259 (6th Cir.1997)).

### Discussion

■ An estate is formed when a debtor files for bankruptcy. *See* 11 U.S.C. § 541(a). This estate includes "all legal or equitable interests of the Debtor in property as of the commencement of the case," subject to limited exceptions. *Id.* "Congress intended 'property of the estate' to encompass 'all interests of a debtor, including a debtor's contract right to future, contingent property.'" *Sharp v. Dery,* 253 B.R. 204 (E.D.Mich.2000) (quoting *Banner*

*v. Bagen (In re Bagen )*, 186 B.R. 824, 828 (Bankr.S.D.N.Y.1995)). The issue before the Court is whether Debtor Michael A. Chappo had a contingent interest in the Bonus on December 21, 1999, the date the Debtors filed their bankruptcy petition.

In *Sharp v. Dery,* the court faced a situation very similar to that seen in this case. In that case, the debtor filed a Chapter 7 petition on December 21, 1998, and received an employee bonus of $11,331.63 on February 22, 1999. *Sharp,* 253 B.R. 204 at 206. The trustee had argued that the post-petition bonus was property of the estate. In discussing the issue, the court noted that in a case "squarely on point," *Vogel v. Palmer (In re Palmer),* 57 B.R. 332 (Bankr.W.D.Va. 1986), the court concluded that a debtor had no enforceable interest in a bonus when the case began, and therefore the post-petition bonus was not the property of the bankruptcy estate. *Id.* at 207. The *Sharp* court found that the bonus plan before it and the bonus plan at issue in *Vogel* shared the same "dispositive characteristic: the employer, as of the date the debtor filed for bankruptcy, could have decided not to pay any bonus at all under the terms of the bonus plan itself." *Id.*

The *Sharp* court also stated that the case before it "might be distinguishable from *Vogel* if, despite the bonus plan's terms, Michigan law held that a worker had an enforceable right in bonus dividends before payment," as in those circumstances the bonus would have been a legal interest of debtor when he filed for bankruptcy. *Id.* at 208. However, "Michigan law embraces the opposite principle: an employee who ends his employment before the closing date of a bonus period, thereby failing to establish a contractually-mandated condition for receipt of the bonus, forfeits eligibility for the bonus dividend. *See Gravely v. Pfizer, Inc.,* 170 Mich.App. 262, 427 N.W.2d 613, 616 (1988)." *Id.* Accordingly, the Sharp court concluded that as of December 21, "the debtor would have had no legally-recog-

nized interests in the bonus check he later received on February 22." *Id.*

In support of her position, the Trustee cites a recent decision from the Bankruptcy Court for the Eastern District of Michigan, *In re Edmonds,* No. 99–59508–WS (Bankr.E.D.Mich. Aug. 24, 2000) (attached as Ex. A to Appellant's Reply Br.). In that case, the court examined the issue of whether a debtor's profit sharing check, received post-petition, is property of the estate. The court decided that the debtor's interest in the profit sharing payment, as of the petition date, was in the nature of a contingent interest. *Id.* at 2. Therefore, the court found debtor's contingent interest in the profit sharing plan and the resulting check to be property of the estate. *Id.* at 7. However, the opinion does not describe the terms of the profit sharing agreement in that case or indicate whether or not the profit sharing agreement could be terminated at any time in the employer's discretion, like the *Sharp* and *Vogel* bonus plans and the Ford Bonus Plan seen here.

Like the bonus plans in *Sharp* and *Vogel,* the Ford Bonus Plan in this case contains the "dispositive characteristic." On December 21, 1999, the date the Debtors filed their bankruptcy petition, Ford Motor Company could have decided not to pay a bonus, as the Ford Bonus Plan provides that the "Board of Directors at any time may terminate ... or modify the Plan or suspend any of its provisions ..." (Ford Motor Company Performance Bonus Plan for Salaried Employees at 8). The Ford Bonus Plan also provides that the Performance Bonus Plan Committee "may determine in its sole discretion not to make an Award to a particular Participant or group of Participants or to all Participants for any Plan Year." (*Id.* at 5). Moreover, the case at bar presents an even stronger argument for finding that Debtor had no interest in the bonus when the petition was filed than was seen in *Sharp* or *Vogel,* as the bonus plan in this case specifically provides that "a Partici-

pant will not have any interest in any Award until it is distributed." (*Id.* at 7).

Accordingly, the Court finds that under the facts of this case, Debtor Michael A. Chappo did not have an interest in the Bonus when the Debtors filed their bankruptcy petition on December 21, 1999. Therefore, the Court finds that the bankruptcy court did not err in denying the Trustee's Objection to the Debtor's Claimed Exemptions and Motion for Turnover of Property of the Bankruptcy Estate.

### Conclusion

For the reasons set forth above, the Court **AFFIRMS** the Bankruptcy Court's Order Denying Trustee's Objection to the Debtors' Claimed Exemptions and Motion for Turnover of Property of the Bankruptcy Estate, dated August 11, 2000.

**IT IS SO ORDERED.**