In re **GENERAL MOTORS CORPORATION; William Acton, Petitioners.**

No. 92–2017.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 20, 1993.

Decided Sept. 1, 1993.

Deborah A. Syx (argued), Michael J. Connolly, Cross & Wrock, Alice M. Osburn, General Motors Corp., Detroit, MI, for petitioners.

Geno D. Salomone (argued), Riverview, MI, for plaintiff-respondent.

Before: KENNEDY and BATCHELDER, Circuit Judges; and ENGEL, Senior Circuit Judge.

ENGEL, Senior Circuit Judge.

Petitioners, defendants below, are before the court for the second time seeking a writ of mandamus directing the district court to stay an order of remand and to grant their motion for summary judgment. By order

entered September 14, 1992, the court stayed the remand order pending consideration of the petition. Plaintiff opposes the petition for a writ of mandamus.

## I

Plaintiff below, Daniel S. Duffey, is an employee of defendant General Motors Corporation ("GM"). GM and Duffey's union, the United Autoworkers ("UAW"), jointly administer an Employee Assistance Program ("EAP"), which provides counseling and related services for employees with problems such as those stemming from drug and alcohol abuse. The documents describing the program, which are referred to in the collective bargaining agreement, provide that employees' utilization of the EAP will remain confidential. Nonetheless, when Duffey filed a grievance protesting his discharge,[1] allegations concerning his earlier participation in the EAP began to surface.

Duffey filed an action in state court against GM and William Acton, an EAP administrator, seeking damages under theories of breach of contract, invasion of privacy, misrepresentation, and violation of 42 U.S.C. §§ 290dd–3 and 290ee–3, which mandate confidentiality of patient records. The defendants removed the case to federal court on the ground that the count brought under section 290 stated a federal question and that the remaining counts were preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). Once in federal court, the defendants moved for summary judgment on these grounds.

The district court dismissed the count brought under section 290 on the grounds that the statute did not provide a private right of action. The court then ruled that, since the EAP did not constitute a "contract" for purposes of section 301, the remaining claims were not preempted by the LMRA, which preempts only those claims alleging violation of contracts between unions and employers. Believing that he no longer had jurisdiction, the district judge remanded the remaining claims to state court.

The defendants then filed their first petition for a writ of mandamus, seeking to stay the district court's order of remand on the ground that Duffey's remaining claims were preempted. This court granted that petition on December 23, 1991. *In re General Motors Corp.*, No. 91–1992 (6th Cir. Dec. 23, 1991) (*GM I*). This court ruled that the EAP was a "contract" for purposes of section 301. The question of whether Duffey's claims alleged violations of the EAP, however, or whether Duffey's claims could instead be resolved without reference to the EAP, was not properly before the court. Accordingly, the court ordered the district court to reconsider its holding that Duffey's claims did not allege violations of a contract governed by section 301.

This court's order was unfortunately less than clear, and, on remand, the district court misconstrued it. Specifically, the court failed to interpret the order as requiring it to consider *that* the EAP was a contract for purposes of section 301. Instead, the court interpreted the order as requiring it to reconsider *whether* the EAP was a section 301 contract. Upon reconsideration, the district court stood by its earlier finding that the state law claims were not preempted by section 301 of the LMRA. The court further held that the claims were not preempted by section 514 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144. Therefore, the district court once again remanded the state law claims to state court. Defendants then filed this second petition for a writ of mandamus.

The court directed responses to the petition under Rule 21(b), Fed.R.App.P. Plaintiff responded in opposition to the petition. Upon review, we conclude that we must once again grant the petition for a writ of mandamus.

## II

### A

Although neither party has raised the issue, we consider *sua sponte* whether this court has jurisdiction to review the district court's order of remand. *See Baldridge v.*

---

1. Duffey was eventually reinstated on a probationary basis.

*Kentucky–Ohio Transportation, Inc.,* 983 F.2d 1341, 1343 (6th Cir.1993). We undertake analysis of this question in two steps: First, we address the question of whether this court had jurisdiction to issue the writ of mandamus in *GM I.* Having done so, we analyze the jurisdictional basis of the writ that petitioners now seek.

### 1. GM I

■ 28 U.S.C. § 1447(d) appears to prohibit courts of appeal from reviewing decisions of lower courts remanding actions to state courts. In *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), however, the Supreme Court announced that the bar to review set forth in section 1447(d) applies only to remand orders issued pursuant to section 1447(c). That section provides that cases "removed improvidently and without jurisdiction" must be remanded. *See generally Ohio v. Wright,* 992 F.2d 616 (6th Cir.1993) (*en banc* ).

In this case, the district court remanded because the federal statutes upon which the plaintiff relied in part, 42 U.S.C. §§ 290dd–3 & 290ee–3, provided no private right of action. Under *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1945), federal courts have jurisdiction to decide whether a federal statute provides a private right of action. Thus, this case was not improvidently removed for want of jurisdiction; under the district court's analysis, the court had jurisdiction until it dismissed the claims brought under section 290. *See Baldridge,* 983 F.2d at 1349. The district court's original order of remand was therefore not issued pursuant to section 1447(c), and this court had jurisdiction to review that order.

### 2. GM II

■ Having resolved the question of whether this court had jurisdiction to issue the original writ of mandamus, we turn to the relatively more straightforward question of whether we have jurisdiction to issue the writ for which petitioners now pray. We conclude that we do. Our jurisdiction is premised, as it was in *GM I,* on the All Writs Act, 28 U.S.C. § 1651(a). Under that act,

the courts of appeals have the authority to, *inter alia,* issue writs of mandamus to district courts to ensure compliance with earlier mandates. *U.S. v. Cannon (In re U.S.),* 807 F.2d 1528, 1529 (11th Cir.1987); *Oswald v. McGarr, (In re General Motors Corp. Engine Interchange Litigation* ), 620 F.2d 1190, 1195–96 (7th Cir.1980). *Cf. In re Allied–Signal, Inc.,* 915 F.2d 190, 192–93 (6th Cir. 1990) (recognizing authority but declining to issue writ).

GM premises its current request for a writ of mandamus on its contention that the district court failed to abide by the writ that this court issued in *GM I.* We find this contention to be well-founded. Accordingly, and pursuant to our authority to ensure compliance with our mandates, we conclude that this court has jurisdiction to issue a writ of mandamus.

### B

■ Section 301(a) of the LMRA provides for federal jurisdiction of "[s]uits for violations of contracts between an employer and a labor organization representing employees. . . ." The Supreme Court has interpreted this statute to require federal preemption of state law claims arising under section 301. *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

■ The term "contract" as used in section 301 of the LMRA is not limited to collective bargaining agreements, but can embrace understandings other than those usually understood as collective bargaining agreements. *Stevens v. Employer–Teamsters Joint Council No. 84 Pension Fund,* 979 F.2d 444, 457 (6th Cir.1992); *Apponi v. Sunshine Biscuits, Inc.,* 809 F.2d 1210, 1215 (6th Cir.), *cert. denied,* 484 U.S. 820, 108 S.Ct. 77, 98 L.Ed.2d 40 (1987). The term can extend to collectively-bargained pension plans and other employee benefits agreements. *Id.* This rule applies regardless of whether the controversy was or was not subject to normal grievance procedures spelled out in the collective bargaining agreement itself.

■ Upon review, we conclude once again that the GM/UAW EAP is a section 301

contract between an employer and a labor organization. Accordingly, we order the district court to stay its order of remand and to analyze Duffey's claims in light of our holding.[2]

## C

Because this is the second time petitioners are before this court seeking a writ of mandamus, we feel compelled to provide the district court with some further direction on a number of issues that are sure to arise.

### 1. LMRA

■ In light of our holding that the EAP constitutes a contract for purposes of section 301, the question presents itself whether Duffey's remaining claims for breach of contract, invasion of privacy and misrepresentation arise out of a violation of the EAP. We hold that they do, and that they are therefore preempted by section 301.

Section 301 preempts claims that are "inextricably intertwined with consideration of the terms" of a collectively-bargained labor contract, *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985), or that are "substantially dependant on analysis of a collective-bargaining agreement," *Electrical Workers v. Hechler*, 481 U.S. 851, 859 n. 3, 107 S.Ct. 2161, 2167 n. 3, 95 L.Ed.2d 791 (1987). Duffey's claims allege violations of the EAP. Furthermore, his claims arise out of activity that allegedly took place not only within the workplace but also in the context of the grievance procedure mandated by the collective bargaining agreement. Accordingly, those claims are dependant upon an analysis of the EAP, and are preempted by federal law.[3]

A ruling that Duffey's claims are preempted by section 301 does not, however, resolve petitioners' motion for summary judgment. Duffey should be given the option of proceeding under federal law. *Allis–Chalmers*, 471 U.S. at 220–21, 105 S.Ct. at 1915–16. If he chooses to do so, the district court will need to consider petitioner's assertion that Duffey's claims are barred by his failure to exhaust the grievance procedures set forth in the collective bargaining agreement. In so doing, the court will need to address the issue of whether the privacy provisions of the EAP are subject to exhaustion requirements, or whether they may be independently pursued under section 301 without exhaustion.

### 2. ERISA

Because the district court also made findings with respect to preemption of the state law claims under ERISA, we feel compelled to provide the district court with some direction on the ERISA issues.

■ It is evident that the EAP is an employee welfare benefit plan as defined by

---

**2.** Furthermore, we note that, even if we were inclined to conclude that the EAP does not constitute a "contract" for purposes of section 301, our earlier order remains the law of the case. *See Oswald*, 620 F.2d at 1196 (observing that the rule that "the decision of a federal appellate court establishes the law binding further action in the litigation" is "a specific application of the doctrine commonly known as the law of the case") (quoting *City of Cleveland v. Federal Power Commission*, 561 F.2d 344, 346, 348 (D.C.Cir. 1977)).

**3.** This case is distinguishable in several respects from cases in which the Supreme Court has held that various state causes of action survive preemption under the federal labor laws. *See, e.g., Lingle v. Norge Division*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1987) (retaliatory discharge); *Belknap, Inc. v. Hale*, 463 U.S. 491, 103 S.Ct. 3172, 77 L.Ed.2d 798 (1983) (misrepresentation); *Sears, Roebuck & Co. v. Carpenters*, 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978) (trespass); *Farmer v. Carpenters*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977) (intentional infliction of emotional distress); *Linn v. Plant Guard Workers*, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966) (defamation). First, as noted above, Duffey's claims arose not only at the workplace but in the course of the grievance procedure mandated by the CBA on which those claims are based. Second, unlike the claims in the cases cited above, Duffey's claims of breach of the duty of confidentiality cannot be analyzed without interpreting the underlying contract. Duffey chose to allege, in addition to violation of state common-law rights, a violation of an agreement whose interpretation we have ruled is governed by federal law. Under these circumstances, Duffey's action must be governed exclusively by federal law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (suggesting that only *exclusive* reliance on state law claims will prevent complete preemption).

ERISA. *See* 29 U.S.C. § 1002(1). The EAP is a benefit to GM employees. It is funded by GM and is jointly administered by GM and the UAW on a national basis. The EAP provides assistance for health-related problems such as alcoholism and drug dependency, is staffed by representatives of both GM and the UAW, provides services beyond those available to the general public and provides benefits some of which are intended to be paid through other employee benefit plans of GM.

We conclude, therefore, that Duffey's claims for breach of contract, invasion of privacy, and misrepresentation are preempted not only by the LMRA but also by ERISA. *See Ingersoll–Rand Company v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45–46, 107 S.Ct. 1549, 1551–52, 95 L.Ed.2d 39 (1987); *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir.1991). This is true regardless of the fact that Duffey does not seek to be made whole by the award of a benefit that the EAP was designed to provide. *See, e.g., Van Camp v. AT & T Information Systems*, 963 F.2d 119, 122–23 (6th Cir.1992).

Just as plaintiff should be allowed to amend his complaint to state a cause of action under the LMRA, however, so too must he be afforded an opportunity to amend his complaint to plead a cause of action under ERISA. If plaintiff is unwilling to do either, that should end the litigation. If, however, plaintiff does amend, then the district court must proceed upon that amended complaint. Such a complaint, like one phrased in terms of the LMRA, may be subject to challenge by motions under Rules 12 or 56. We express no opinion regarding the appropriate disposition of such motions. We similarly express no opinion as to whether such motions may successfully be grounded on Duffey's apparent failure to exhaust the grievance procedures mandated by the collective bargaining agreement.

### III

This case, it must be obvious, is pregnant with difficult issues. That it comes before us in the limited environment of a mandamus proceeding only complicates the task. We are obliged to observe the rules and to decide only those issues that have been properly presented to us. This we have attempted to do. While limiting our holding to the instant dispute, however, we have felt compelled to provide the district court with guidance as to the proper handling of this case upon vacation of its remand order.

In short, if Duffey chooses to frame his suit under the LMRA or ERISA, the trial court *may* find the action sufficiently meritorious to survive disposition before trial. In analyzing the strength of Duffey's claims, his apparent failure to exhaust remedies *may* or *may not* be a critical factor. All we know at this stage is that Duffey has alleged an injury arising out of the breach of an assurance of privacy in a contract governed by section 301. We do not decide whether such a breach constitutes a wrong under federal law, whether such a wrong is actionable, or whether any remedy for it exists. We merely decide that, right or wrong, the claim is fully preempted and that, if the plaintiff decides to proceed under federal law, the parties are entitled to be heard on whether there are factual and legal issues remaining yet for resolution. We take particular care to emphasize that we do not decide them, but pass them back to the district court.

It was perhaps our sensitivity to the prerogatives of the district court that led us, in our earlier decision, to language that was not as clear as it could have been. Trial judges, in their frustration, often inform appellate courts that their tasks are made more difficult, not by reversals that they deem unwarranted, but by remands that are unaccompanied by clear instructions concerning the further progress of the case. Accordingly, we have attempted to remedy our previous shortfall by providing such instructions on this occasion. We have not, however, attempted to render an advisory opinion regarding the manner in which the trial court should dispose of any motions before it. We merely hold that all state issues in this controversy have been preempted, and that Duffey should be given an opportunity to plead anew so as to phrase his claims in terms of federal law.

Accordingly, we order the district court to VACATE its order of May 21, 1992, remanding the action to state court and to proceed in a manner consistent with this order.