Michael K. ANUSBIGIAN,
Plaintiff–Appellant,

v.

TRUGREEN/CHEMLAWN, INC.,
Defendant–Appellee.

No. 94–1875.

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 6, 1995.

Decided Jan. 10, 1996.

Robert E. Attmore (briefed), Robert A. Kamp, Cholette, Perkins & Buchanan, Grand Rapids, MI, for Plaintiff–Appellant.

Connie M. Cessante, Ingrid K. Brey, Detroit, MI, Claudia D. Orr (briefed), Honnigman, Miller, Schwartz & Cohn, Detroit, MI, for Defendant–Appellee.

Before: LIVELY, RYAN, and SILER, Circuit Judges.

LIVELY, J., delivered the opinion of the court, in which SILER, J., joined. RYAN, J. (pp. 1257–60), delivered a separate dissenting opinion.

LIVELY, Circuit Judge.

The question in this case is whether this court has jurisdiction to review a district court order remanding a removed action to the state court from which it was removed. The district court ordered the remand *sua sponte* upon concluding that it lacked subject matter jurisdiction because the amount in controversy did not exceed $50,000 as required for federal court jurisdiction over actions based on diversity of citizenship. For the reasons that follow, we conclude that this court has no jurisdiction to review the district court's remand order. Accordingly, we dismiss the appeal.

I.

The plaintiff Michael K. Anusbigian commenced this action in the Circuit Court for Kent County, Michigan on October 29, 1993, seeking $21,817 in damages from his former employer for the defendant's failure to pay sales commissions. He also sought statutory damages under Michigan Compiled Laws Annotated (M.C.L.A.) § 600.2961. M.C.L.A. § 600.2961(5) provides that an employer who fails to pay a commission when due is liable for the actual amount due plus an amount equal to two times the amount due if the

employer is found to have intentionally failed to pay. The defendant Ecolab Inc., the successor in interest to Chemlawn Services Corporation (incorrectly identified in the complaint as Trugreen/Chemlawn, Inc.), removed the action to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §§ 1332 and 1441 (1988).

Following the removal, Mr. Anusbigian filed a motion to remand, claiming that the amount in controversy requirement was not satisfied, and the defendant filed a motion for change of venue. Mr. Anusbigian subsequently withdrew the motion to remand. In a memorandum opinion addressing both motions, the district court ruled that the motion to remand was withdrawn and denied as moot. The court granted the motion for change of venue and transferred the case to the United States District Court for the Eastern District of Michigan. The defendant then filed a motion for summary judgment in the transferee district court.

Meanwhile, the transferee district court entered an order requiring the parties to show cause why the case should not be remanded. Following a telephone conference, the district court entered an order that states in part:

> As established in the complaint, plaintiff was not entitled to commissions on sales made until the sales in the specified area had met or exceeded a set quota. Such an arrangement constitutes a "bonus" plan, not commissions. *Gravely v. Pfizer, Inc.,* 170 Mich.App. 262, 267 [427 N.W.2d 613] (1988). Accordingly, any cause of action which plaintiff has for recovery of an amount earned must be brought pursuant to the Wage and Fringe Benefits Act.... We find that plaintiff may not avail himself of the provisions contained in M.C.L.A. § 600.2961.
>
> * * *
>
> Plaintiff asserts that even if we find § 600.2961 is not applicable, he may still maintain an action for breach of contract. The amount in issue, however, totals only $21,817. Thus, whether plaintiff brings a cause of action under the Wage and Fringe Benefits Act or for breach of an employment contract, the action would not satisfy

the amount in controversy necessary to vest this court with diversity jurisdiction.

* * *

Accordingly, it is ordered that this matter is remanded to the Circuit Court for Kent County.

Mr. Anusbigian then filed a notice of appeal. The parties waived oral argument and the appeal was submitted on the district court record and appellate briefs.

## II.

■ A district court must remand a removed action when it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c) (1988). ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). With one exception not applicable here, the next subsection of the removal statute appears to bar all appellate review of remand orders. 28 U.S.C. § 1447(d). ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ...", except civil rights cases removed pursuant to 28 U.S.C. § 1443). The courts, including the Supreme Court, however, have grafted judicially created exceptions onto the statute.

■ The plaintiff seeks to rely on one of these exceptions—the "substantive decision" exception. The plaintiff argues that this exception holds that a remand accompanied by a ruling on the merits of a plaintiff's claim may be appealed. Because the district court in this case reached its conclusion that the amount in controversy does not satisfy the statutory requirement by construing Michigan law, Mr. Anusbigian argues that the court decided the merits of his claim. The defendant, on the other hand, asserts that the remand order is not reviewable because it was based on the district court's determination that it lacked subject matter jurisdiction and that the court's reasoning in reaching this conclusion is immaterial.

## III.

### A.

Lower federal courts generally treated 28 U.S.C. § 1447(d)'s prohibition against appeal from remand orders as absolute, until the Supreme Court decided *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). In *Thermtron,* a district judge remanded an action over which he had subject matter jurisdiction because of the crowded condition of his court's docket. The Supreme Court held that § 1447(d) did not bar review by mandamus because the district court's remand order was not based on a ground specified in § 1447(c). *Id.* at 346, 96 S.Ct. at 590. The Court made clear that its decision did not "disturb [or] take issue with the well-established general rule that § 1447(d) and its predecessors were intended to forbid review by appeal or extraordinary writ of any order remanding a case on the grounds permitted by the statute." *Id.* at 351–52, 96 S.Ct. at 593.

The Supreme Court emphasized the narrow reach of its *Thermtron* decision in *Gravitt v. Southwestern Bell Tel. Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977). In *Gravitt* the district court remanded a removed case upon concluding there was not complete diversity among the parties. The court of appeals granted mandamus and ordered the district court to vacate its remand order "because the latter had employed erroneous principles in concluding that it was without jurisdiction." *Id.* at 723, 97 S.Ct. at 1440. The Supreme Court reversed, finding that the remand for lack of subject matter jurisdiction "was plainly within the bounds of § 1447(c) and hence was unreviewable by the Court of Appeals, by mandamus or otherwise." *Id.* The Court distinguished *Thermtron* because in that case the district court remanded on grounds other than those set out in § 1447(c). The Court stated that "*Thermtron* did not question but reemphasized the rule that § 1447(c) remands are not reviewable." *Id.* at 724, 97 S.Ct. at 1440.

This court has made a distinction between jurisdictional and substantive aspects of district court's orders of remand by indicating that where a district court makes a decision that is necessary for determining whether the court has subject matter jurisdiction, the decision falls within the scope of § 1447(d)'s prohibition against appellate review. *Baldridge v. Kentucky–Ohio Transp., Inc.,* 983 F.2d 1341, 1343–49 (6th Cir.1993). As this court has stated, "[a] distinction must be made ... between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action." *Jones v. Knox Exploration Corp.,* 2 F.3d 181, 183 (6th Cir.1993). In the present case, the district court's subsequently-acquired understanding of the case revealed that the required amount in controversy had never existed; thus, it never had subject matter jurisdiction.

In *State of Ohio v. Wright,* 992 F.2d 616 (6th Cir.1993), this court, sitting *en banc,* held that a remand order based on the district court's belief that it lacked subject matter jurisdiction was not reviewable even though the district court did not cite or refer to § 1447(c). Because the remand was clearly on jurisdictional grounds, the plain language of § 1447(d) deprived the court of appeals of jurisdiction to review the remand order. We referred to the "narrow exception" found in *Thermtron* and held that it did not apply. *Id.* at 617.

Particularly pertinent to our determination in the present case is our conclusion in *Wright* that a district court's evidentiary determination does not constitute a decision on the merits, because the district court is required to determine whether there is a colorable claim of a valid federal defense under § 1442(a)(1) in order to determine if it has subject matter jurisdiction to hear the case. *Wright,* 992 F.2d at 618–19. The *Wright* court stated that "[i]f the district court must examine and discuss the federal defense in all such cases and if such an examination *ipso facto* makes the remand order appealable, nothing is left of the statutory language in § 1447(d)...." *Wright,* 992 F.2d at 619. Further, in discussing the importance to federal-state court relations of the rule of non-reviewability, Chief Judge Merritt wrote:

It makes no difference that the District Court may be wrong in its conclusions

concerning jurisdiction or the plausibility of the federal defense asserted. The federalism principle overrides this concern. *Id.* at 617 (footnote omitted).

■ We disagree with the dissent's interpretation of controlling case law. If a district court determines, rightly or wrongly, that it lacks subject matter jurisdiction over a removed case, and for that reason remands it to the court from which it was removed, the court of appeals lacks jurisdiction to review the district court's decision.

In a very recent opinion the Supreme Court has again emphasized the rule that § 1447(c) remands are not reviewable. See *Things Remembered, Inc. v. Petrarca,* —— U.S. ——, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). In *Things Remembered,* the Court stated:

As long as a district court's remand is based on a timely raised defect in removal procedure *or on lack of subject-matter jurisdiction*—the grounds for remand recognized by § 1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d).

*Id.* at ——, 116 S.Ct. at 497 (emphasis added).

The dissent cites *In re General Motors Corp.,* 3 F.3d 980 (6th Cir.1993) as being directly on point to the issue presented in this appeal. We find *In re General Motors Corp.* distinguishable. The *In re General Motors Corp.* court held that where a district court remands a case after determining that a federal statute does not provide a private right of action, the court of appeals has jurisdiction to hear an appeal, because the order of remand was not issued pursuant to § 1447(c). However, the *In re General Motors Corp.* court specifically noted that federal courts have jurisdiction to decide whether a federal statute provides a private right of action. 3 F.3d at 983 (citing *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). Thus, the *In re General Motors Corp.* court divested itself of jurisdiction after determining there was no private right of action, which is a substantive determination on the merits of an issue that it had jurisdiction to examine, not a finding that it lacked subject matter jurisdiction.

**B.**

The "substantive decision" exception to § 1447(d)'s prohibition is based on the Supreme Court's decision in *Waco v. United States Fidelity & Guar. Co.,* 293 U.S. 140, 143, 55 S.Ct. 6, 7, 79 L.Ed. 244 (1934). In *Waco,* the plaintiff commenced a lawsuit in state court against the City of Waco. The City of Waco "vouched in" a third party defendant by cross-action. That party then removed the case on diversity grounds. Once the case was removed, the plaintiff filed a motion to remand the entire case. The district court's decree resolving the motion contained three separate orders. The first order overruled the motion to remand the entire action to state court; the second order dismissed the cross-action, which destroyed diversity jurisdiction; and the third order remanded the remaining claims to state court. *Id.* at 142, 55 S.Ct. at 6–7. The City of Waco appealed the dismissal of the third party claim, but the court of appeals dismissed the appeal as from a non-reviewable order. *Waco v. United States Fidelity & Guar. Co.,* 67 F.2d 785 (5th Cir.1933), rev'd, 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934). The Supreme Court reversed, ruling that where a district court dismisses a cross-claim prior to remanding the case, the substantive decision dismissing the cross-claim is reviewable by the court of appeals, because such a ruling is binding on the parties and is, therefore, separable from the order of remand. *Waco,* 293 U.S. at 143–44, 55 S.Ct. at 7.

When applying the substantive decision exception, we have held that the exception is applicable only where a remand order is "based on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction." *Regis Associates v. Rank Hotels (Management) Ltd.,* 894 F.2d 193, 194–95 (6th Cir.1990). Thus, this court makes a distinction between jurisdictional and substantive aspects of district court orders of remand. In *Baldridge v. Kentucky–Ohio Transp., Inc.,* we held that where a district court rejects a defendant's claim of complete federal preemption as a basis for removing a case to federal court, the court of

appeals does not have jurisdiction to hear the appeal from a remand order. This is so because the district court's determination that there is not complete federal preemption is "necessarily related to the question of jurisdiction." 983 F.2d 1341, 1343–49 (6th Cir.1993).

## IV.

The district court's order of removal in the present case is not within the substantive decision exception. It was the dismissal of the cross-action that led the *Waco* Court to hold the district court's tripartite order reviewable; the Court did not hold that the remand order, *per se,* was reviewable or that a remand for lack of diversity jurisdiction, standing alone, would have been reviewable. Indeed, the Court stated:

> [N]o appeal lies from the order of remand; but in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause.... We are of the opinion that the petitioner was entitled to have the Circuit Court of Appeals determine whether the dismissal of its cross-action ... was proper.

*Waco,* 293 U.S. at 143, 55 S.Ct. at 7. In the present case the district court did *not* dismiss the action or any part of it. Rather, the court remanded the case and noted that the plaintiff might choose to amend his complaint in state court following remand. The fact that the district court based its jurisdictional determination on an interpretation of Michigan law is beside the point. And it matters not that the court's conclusions about Michigan law may have been erroneous. In *Page v. City of Southfield,* 45 F.3d 128, 131 (6th Cir.1995), we stated that an order of remand issued pursuant to § 1447(c) is "beyond all power of appellate review, even if based on erroneous principles or analyses."

The district court did not rule on the merits of the plaintiff's claim or on the defendant's affirmative defense that M.C.L.A. § 600.2961 is unconstitutional. Thus, contrary to the plaintiff's fear, expressed in his brief, that he might be foreclosed from seeking damages in state court under the doctrines of *res judicata* or "law of the case,"

the remand order forecloses nothing except further litigation of his claim in federal court.

The district court's remand order was clearly "issued under § 1447(c)," *Thermtron,* 423 U.S. at 346, 96 S.Ct. at 590, and it invoked a ground specified therein—lack of subject matter jurisdiction. Thus, it is immune from review under § 1447(d).

The appeal is **DISMISSED.**

RYAN, Circuit Judge, dissenting.

Because I conclude that the majority is mistaken about the nature of the district court's order, and incorrectly interprets and applies controlling and indeed settled Sixth Circuit precedent, I respectfully dissent. Additionally, I think the majority's reinterpretation of this court's dispositive precedents has the practical effect of changing the settled scope of the existing exceptions to 28 U.S.C. § 1447(d)'s appellate bar.

## I.

This court has held repeatedly that the appellate bar to section 1447(c) remand orders applies *only* to cases where the remand was based on either of the two statutory grounds set forth therein: on a defect in removal procedures, or on a lack of subject matter jurisdiction *at the time* of removal. *See, e.g., Page v. City of Southfield,* 45 F.3d 128, 131 (6th Cir.1995), which holds that section 1447(d) does not bar appellate review of a remand order where the district court exceeds its statutory authority by remanding a case *sua sponte* for procedural defects; *see also, Van Meter v. State Farm Fire and Casualty Co.,* 1 F.3d 445, 449 (6th Cir.1993); *and Regis Associates v. Rank Hotels Ltd.,* 894 F.2d 193, 194 (6th Cir.1990). Thus, where the grounds for remand fall outside the scope of section 1447, as where the district court reaches a non-jurisdictional issue when deciding to remand a case, this court has jurisdiction to review that order. *Baldridge v. Kentucky–Ohio Transp., Inc.,* 983 F.2d 1341, 1344 (6th Cir.1993); *see also, In re Glass Molders, Pottery, Plastics & Allied Workers Int'l,* 983 F.2d 725, 727 (6th Cir. 1993).

These cases, and others, follow the Supreme Court's explicit holding that "only remand orders issued under § 1447(c) and invoking the grounds specified therein—that removal was improvident and without jurisdiction—are immune from review." *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 346, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976).

We have interpreted, discussed, and applied *Thermtron* on numerous occasions. We have established *Thermtron* to mean "that a remand order is reviewable on appeal when it is based on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction." *Regis Associates*, 894 F.2d at 194. *Regis Associates* involved the interpretation of a forum-selection clause. The district court had remanded the case to state court upon plaintiff's motion, finding that the defendant had waived his right to remove the case to federal court by virtue of some explicit language of the governing contract. On appeal, the plaintiff contended that section 1447(d) precluded review of remand orders. This court rejected the argument, finding instead that *Thermtron* and its progeny permitted review of the lower court's order.

Directly on point to the issues in this case is *In re General Motors Corp.*, 3 F.3d 980 (6th Cir.1993), which involved procedural facts similar to those we confront here. The plaintiffs originally sued GM in state court alleging a variety of claims, one of which was based on a federal statute. GM removed the case to federal court and subsequently moved for summary judgment. The district court dismissed the claim arising under the federal statute, holding that it did not provide for a private right of action. *Id.* at 982. The court then remanded the remaining claims to state court because it concluded that it no longer had subject matter jurisdiction. *Id.*

On appeal, we held that the decision to remand *after* a lower court decides that a federal statute provides no private right of action falls within the *Thermtron* exception to the section 1447(d) appellate bar. *Id.* at 983. We concluded that because the district court's order divested it of subject matter jurisdiction *after* defendants had properly re-

moved the case from state court, its order was "not issued pursuant to section 1447(c), and this court had jurisdiction to review that order." *Id.*

Similarly, we held that a district court's remand order based on a dismissal of a claim that originally had formed the basis for removal to federal court was a final decision for purposes of 28 U.S.C. § 1291 and appellate review was not precluded by section 1447(d). *In re Romulus Community Sch.*, 729 F.2d 431, 434 (6th Cir.1984). We reasoned that the substantive decision exception to section 1447(d) was justified because "[d]enying finality to the dismissal [in a case such as this] would insulate the [district court's] order from appellate review." *Id.* at 440 (citing and applying *Waco v. United States Fidelity & Guar. Co.*, 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934)).

And, in *Baldridge*, which the majority cites as support for its holding, we explicitly recognized that there is a "substantive decision" exception to the section 1447(d) appellate bar. We explained briefly the difference between the section 1447 appellate bar and the substantive decision exception to that bar:

"If the district court believed that the case was properly removed, but that the stipulation [affecting the amount in controversy] justified a remand, then we may review the order. If, however, the district court believed ... that jurisdiction was missing at the outset, then 28 U.S.C. § 1447(d) would block any review, even though we might disagree with that decision."

*Baldridge*, 983 F.2d at 1348 n.10 (quoting *In the Matter of Shell Oil Co.*, 966 F.2d 1130, 1132 (7th Cir.1992)). We explicitly recognized that where a case is remanded *after* it is properly removed from state court, the order is appealable because it is not "issued 'under the authority of any statute,'" and thus it is not precluded from review under *Thermtron*. *Id.* at 1347 (quoting *Beard v. Carrollton R.R.*, 893 F.2d 117, 121 (6th Cir. 1989)). Even though we held in *Baldridge* that this court had no jurisdiction to review the remand order under the facts of *that* case because the decision of the lower court was strictly *jurisdictional*, that is, one based on the question of federal preemption, we ex-

plicitly stated that if the remand order had been based on some "post-removal, jurisdiction-defeating" event or decision, the order would have been reviewable. *Id.* at 1349. Simply stated, for the remand order to be unreviewable, "the district judge [must have determined] that jurisdiction had been lacking all along." *Id.* at 1348.

Stated even more succinctly, where "a district court determines subject matter jurisdiction to have existed at the time of removal, yet remands for alleged lack of subject matter jurisdiction based on some post-removal event(s), the remand order is not a Section 1447(c) remand order and is reviewable." *Van Meter*, 1 F.3d at 450 (citing *Baldridge*, 983 F.2d at 1348–49).

These precedents are clear. They reveal that the majority opinion does not appreciate the difference between a jurisdictional decision resulting in an order to remand, and a substantive decision defeating subject matter jurisdiction *after* proper removal. A jurisdictional decision examines the validity of "removal"; whereas a substantive decision examines the validity of a claim. *State of Ohio v. Wright*, 992 F.2d 616, 618 (6th Cir.1993) (*en banc*). Although the purpose of the appellate bar is to promote judicial efficiency and to prevent protracted disputes, it is inapplicable "[w]here a district court *bypasses the jurisdictional arguments* and reaches the merits of [an issue]." *Id.* at 622 (Jones, J., concurring) (citations omitted). That is, "where the specific issue is *not* whether a case was improvidently removed to a federal court because the federal court lacks subject matter jurisdiction, this court may entertain a direct appeal of the district court's resolution of that issue." *Id.*

## II.

In this case, the district court's determination that it lacked subject matter jurisdiction was made only *after* it decided that the plaintiff failed to state a claim under the Michigan Sales Commission statute. It dismissed the action for failure to plead an actionable claim,

believing the plaintiff, on the facts pleaded, asserted the wrong statutory cause of action. Generally, dismissals for failure to state a claim are final decisions from which an appeal may be sought under 28 U.S.C. § 1291. The court's decision to dismiss, *sua sponte,* was final and on the merits because it was a determination of the plaintiff's legal *rights* under the Michigan statute, "as distinguished from mere matters of practice, procedure, jurisdiction or form." *Fairmont Aluminum Co. v. Commissioner of Internal Revenue,* 222 F.2d 622, 625 (4th Cir.), *cert. denied,* 350 U.S. 838, 76 S.Ct. 76, 100 L.Ed. 748 (1955).[1] That is, the court did not hold that on the face of plaintiff's complaint—the appropriate legal standard—the amount in controversy was not met.

Rather, the language of the order, cryptic as it otherwise is, clearly states that the plaintiff "may not avail himself of the provisions contained in [the Michigan Sales Commission statute]," but instead "must" bring his claim under the Michigan Wage and Fringe Benefits Act. To make this determination, the lower court held that the term "commissions" as expressed in the contract binding both parties, was "not a binding characterization under Michigan law." Without inquiring into the meaning of the term under the explicit language of the contract governing the relationship of the parties before it, and without the benefit of having the issue addressed by the parties, the court determined *sua sponte* that "commissions" as used in the sales agreement was not really "commissions" but a "bonus plan" under Michigan law. To support its decision, the court cited a Michigan case wholly inapplicable to the facts of this case.

Having so concluded, the court found that it had no jurisdiction to hear plaintiff's *remaining* claims because, having been barred from bringing an action for treble damages under the plaintiff's statute of choice, the only possible causes of action left would only entitle him to relief of less than $50,000. The court explicitly stated that "whether plaintiff

---

**1.** *See also* 27 WORDS AND PHRASES, 147: "The judgment is upon the merits when it amounts to a declaration of the law as to the respective rights and duties of the parties, based on the ultimate

facts or state of facts disclosed by the pleadings, and evidence upon which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions."

brings a cause of action under the Wage and Fringe Benefits Act or for breach of an employment contract, *the action* would not satisfy the amount in controversy necessary to vest this court with diversity jurisdiction." (Emphasis added.) Nowhere did the court express, nor can it reasonably be inferred from its order, that its decision to remand was based on a lack of subject matter jurisdiction *at the time* of removal. Therefore, contrary to the majority's interpretation, the reference to the possibility of plaintiff *amending* his complaint in state court could only refer to the addition of a cause of action under the court's statute of choice, and the deletion of plaintiff's choice. Consequently, I fail to see how the order—or its corresponding reasoning—could possibly be categorized as a *jurisdictional* decision.

### III.

I am satisfied that there was subject matter jurisdiction at the time of removal; the amount in controversy would have been over $50,000 had plaintiff been permitted to proceed on his claim. Consequently, the district court's remand was necessarily based on a post-removal event. The "matter" remanded to state court *did not*—and logically could not—include the cause of action under the Michigan Sales Commission statute. Because the court, in essence, stripped *itself* of jurisdiction by a substantive (and in my judgment erroneous) interpretation of Michigan statutory and contract law, its remand order is not subject to the section 1447(d) appellate bar.[2] Thus, if the remand determination was based on anything *other* than a lack of removal jurisdiction, this court has jurisdiction to hear plaintiff's appeal.

Contrary to the majority's assertions, the plaintiff *does not* appeal the district court's remand order. Rather, Anusbigian appeals the substantive decision of the court holding that the Michigan Sales Commission statute is *unavailable* as authority for his claim. If review had been granted, this court would

not have reviewed the remand order, but instead would have had to review *de novo* the decision to dismiss for failure to state a claim. That is, we would have had to treat the order as a Fed.R.Civ.P. 12(b)(6) motion. Simply stated, the district court's order was *not* a jurisdictional decision.

To be sure, section 1447(d) has not yet been interpreted to prohibit "review of remand orders so as to extinguish the power of an appellate court to correct a district court that has not merely erred in applying the requisite provision for remand but has remanded a case on grounds not specified in the statute and not touching the propriety of the removal." *Thermtron,* 423 U.S. at 351–52, 96 S.Ct. at 593.

I respectfully dissent.

---

2. I note that the underpinnings of this case reveal a defendant playing troubling procedural games. This is a relatively small claim which plaintiff filed in state court almost three years ago. After defendant Chemlawn availed itself of the removal and transfer privileges granted to defendants in diversity cases, it now seeks completely to bar review for plaintiff's cause of action. The result of the court's order is that the litigants are back in state court, where they started three years ago.