Teresa GLASNEY, Plaintiff–Appellee,

v.

ST. PAUL MERCURY INSURANCE COMPANY, Defendant–Appellant.

No. 02–3060.

United States Court of Appeals, Sixth Circuit.

March 25, 2002.

Before NORRIS, BATCHELDER, and CLAY, Circuit Judges.

The plaintiff was involved in an automobile accident with an underinsured motorist. She sued the defendant insurance company in an Ohio court and claimed coverage under a policy of insurance issued to her father's employer, the City of Cleveland. The suit was based upon *Scott–Pontzer v. Liberty Mutual Ins. Co.,* 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999), which held that unless specifically excluded therefrom, employees are covered under the uninsured/underinsured provisions of their employers' insurance policies.

The defendant removed the action to federal district court on an assertion of diversity jurisdiction. The plaintiff moved for a remand and argued that under 28 U.S.C. § 1332(c)(1) the defendant must be deemed a resident of the state of Ohio. Section 1332(c)(1) provides in part that "in any direct action against the insurer of a policy or contract of liability insurance ... to which the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen." The plaintiff argued that the defendant must be considered a resident of Ohio because the insured was the City of Cleveland.

The district court relied upon its earlier opinion in *Kohus v. Hartford Insurance Co.,* No. 01 CV 1179 (N.D.Ohio, Nov. 19, 2001), which held that a suit brought pursuant to *Scott–Pontzer* is a direct action for purposes of § 1332(c)(1). There being no diversity between the parties and thus no subject matter jurisdiction, the court granted the motion to dismiss. The defendant appealed. The plaintiff moves to dismiss this appeal on grounds that the order is not reviewable. She also asks for an award of costs. The defendant opposes the motion.

▇ Review of an order remanding a case to the state court from which it was removed is generally barred by 28 U.S.C. § 1447(d), which provides in part that

"[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." This statute does not bar review of all remand orders. Rather, "only remands based on grounds specified in [28 U.S.C.] § 1447(c) are immune from review under § 1447(d)." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (citations omitted). Those grounds include a lack of subject matter jurisdiction.

The defendant argues this court must exercise jurisdiction because the district court has made more than a determination of jurisdiction. The conclusion that this case constitutes a direct action under § 1332(c)(1), argues the defendant, is a reviewable nonjurisdictional determination. The defendant suggests that a policy decision has been made similar to that in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). In *Thermtron*, a basis for federal jurisdiction over the removed action had been shown, but the district court nonetheless remanded the case out of concern for an overburdened docket. Because the remand was not based on one of the grounds of § 1447(c), the Court held that it was reviewable. The policy determination in this case, says the defendant, is that a *Scott–Pontzer* action does not belong in federal court. However, unlike *Thermtron*, the district court in this case has applied a jurisdictional statute to the facts presented. The legal holding with which the defendant takes issue was in the context of the larger jurisdictional determination.

This court has recognized that a remand order may be reviewed if it is "based on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction." *Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1256 (6th Cir.1996), *citing Regis Associates v.*

*Rank Hotels (Management) Ltd.*, 894 F.2d 193, 194–95 (6th Cir.1990). But when the issue sought to be appealed is subsumed into the jurisdictional decision, it is not independently appealable. *Anusbigian*, 72 F.3d at 1256 (if district court determines that it lacks subject matter jurisdiction over a removed case and for that reason remands it, the court of appeals lacks jurisdiction); *Baldridge v. Kentucky–Ohio Transp., Inc.*, 983 F.2d 1341, 1343–49 (6th Cir.1993) (where district court makes a decision that is necessary for determining whether the court has subject matter jurisdiction, the decision falls within the scope of § 1447(d)'s prohibition); *State of Ohio v. Wright*, 992 F.2d 616, 619–20 (6th Cir. 1993) (where question of removal jurisdiction was the heart of the decision, fact that district court had to examine plausibility of federal defense did not confer jurisdiction upon the court of appeals). In the instant case, the district court's holding was one of jurisdiction. Therefore, it is not reviewable.

▆ The defendant also suggests that this court retains jurisdiction because issues of constitutional dimension are presented. It relies primarily upon *In re TMI Litigation*, 940 F.2d 832 (3d Cir. 1991), where the district court held unconstitutional a statute that conferred federal jurisdiction. We do not believe that *TMI* compels review where, as here, the court has applied a federal jurisdictional statute and found jurisdiction wanting, nor do we believe the defendant has asserted constitutional arguments of such a magnitude that would warrant ignoring the prohibition of § 1447(d).

The motion to dismiss this appeal hereby is GRANTED. The request for costs is DENIED.