**Alan HESS; Donna Hess,
Plaintiffs–Appellees,**

v.

**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, Penn-
sylvania, Hartford Insurance Compa-
ny, Defendants–Appellants.**

No. 02–3071.

United States Court of Appeals,
Sixth Circuit.

March 25, 2002.

Before NORRIS, BATCHELDER, and
CLAY, Circuit Judges.

*ORDER*

Alan Hess was injured in an automobile accident in 1997. He and his wife, Donna Hess, brought an action in an Ohio court claiming coverage under insurance policies that the defendants had issued to their employers. The claimed authority for such an action was *Scott–Pontzer v. Liberty Mutual Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999), which held that unless there is a specific exclusion, employees are covered under the uninsured/underinsured provisions of their employers' insurance policies.

The defendants removed the action to the Northern District of Ohio on grounds of diversity jurisdiction. The plaintiffs moved to remand the action to the state court and argued that under 28 U.S.C. § 1332(c)(1) there was an absence of complete diversity. That section provides in part that "in any direct action against the insurer of a policy or contract of liability insurance ... to which the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen." The employer of Donna Hess is an Ohio corporation that is insured by defendant Hartford Casualty Insurance Company. Thus, the plaintiffs argued that Hartford must be considered a resident of Ohio under § 1332(c)(1).

Relying upon its earlier opinion in *Kohus v. Hartford Insurance Co.*, 01 CV 1179 (N.D.Ohio, Nov. 19, 2001), the district court concluded that the plaintiffs' action was a direct action for purposes of § 1332(c)(1). Accordingly, the defendants were deemed to be residents of the state of their insured, and there was not com-

plete diversity. The district court granted the motion to remand. The defendants appealed. The plaintiffs move to dismiss this appeal on grounds that the order is not reviewable. They also ask for costs. The defendants oppose the motion.

Review of an order remanding a case to the state court from which it was removed is generally barred by 28 U.S.C. § 1447(d), which provides in part that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ...." This statute does not bar review of all remand orders. Rather, "only remands based on grounds specified in [28 U.S.C.] § 1447(c) are immune from review under § 1447(d)." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (citations omitted). Those grounds include a lack of subject matter jurisdiction.

This court has recognized that a remand order may be reviewed if it is "based on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction." *Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1256 (6th Cir.1996), *citing Regis Associates v. Rank Hotels (Management) Ltd.*, 894 F.2d 193, 194–95 (6th Cir.1990). But when the issue sought to be appealed is subsumed into the jurisdictional decision, it is not independently appealable. *Anusbigian,* 72 F.3d at 1256 (if district court determines that it lacks subject matter jurisdiction over a removed case and for that reason remands it, the court of appeals lacks jurisdiction); *Baldridge v. Kentucky–Ohio Transp., Inc.*, 983 F.2d 1341, 1343–49 (6th Cir.1993) (where district court makes a decision that is necessary for determining whether the court has subject matter jurisdiction, the decision falls within the scope of § 1447(d)'s prohibition); *State of Ohio v. Wright,* 922 F.2d 616, 617–18 (10th Cir.

1993) (where question of removal jurisdiction was the heart of the decision, fact that district court had to examine plausibility of federal defense did not confer jurisdiction upon the court of appeals). In the instant case, the district court's holding was one of jurisdiction. Therefore, it is not reviewable.

The plaintiffs' motion to dismiss hereby is **GRANTED.** The request for costs is **DENIED.**