Thomas M. COMELLA; Patricia Comella, Plaintiffs–Appellees,

v.

ST. PAUL MERCURY INSURANCE COMPANY; Northern Ohio Risk Management Agency; City of Highland Heights, Ohio, Defendants,

Guaranty National Insurance Company, Defendant–Appellant.

No. 02–3051.

United States Court of Appeals, Sixth Circuit.

March 26, 2002.

Before NORRIS, BATCHELDER, and CLAY, Circuit Judges.

## ORDER

Plaintiff Thomas Comella was severely injured in an automobile accident. Comella was an employee and elected official of the city of Highland Heights, Ohio. He and his wife sued two insurers of the city in Ohio court and sought coverage under the underinsured motorist terms of those policies. Their claim is based upon *Scott–Pontzer v. Liberty Mutual Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999), in which the Ohio Supreme Court held that unless specifically excluded, employees are covered under the uninsured/underinsured motorist provisions of their employers' insurance policies.

One of the defendant insurers, St. Paul Fire and Marine Insurance Company, filed a notice of removal on grounds of diversity jurisdiction. The plaintiffs moved for a remand on grounds that diversity was absent because pursuant to 28 U.S.C. § 1332(c)(1), the defendant insurers must be deemed residents of Ohio. Section 1332(c)(1) provides in part that "in any direct action against the insurer of a policy or contract of liability insurance ... to which the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen." The plaintiffs argued that their action was a direct action for purposes of § 1332(c)(1). They relied upon *Kormanik v. St. Paul Fire and Marine Ins. Co.*, No. 01 CV 2122, 2001 WL 1850890 (N.D.Ohio, Oct. 19, 2001), which held that actions brought pursuant to the *Scott–Pontzer* authority are direct actions within the meaning of § 1332(c)(1).

The district court granted the motion to remand. The court concluded, as had the court in *Kormanik*, that the plaintiffs' action was a direct action. Therefore, complete diversity was lacking. One of the defendants, Guaranty National Insurance Company, appealed. The plaintiffs move to dismiss Guranty's appeal on grounds that the order is not reviewable. They also ask for costs. The defendant responds in opposition.

Review of an order remanding a case to the state court from which it was removed is generally barred by 28 U.S.C. § 1447(d), which provides in part that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." This statute does not bar review of all remand orders. Rather, "only remands based on grounds specified in [28 U.S.C.] § 1447(c) are immune from review under § 1447(d)." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (citations omitted). Those grounds include a lack of subject matter jurisdiction.

The defendant argues that the district court's decision was something other than a determination of jurisdiction. The conclusion that this case constitutes a direct action under § 1332(c)(1), argues the defendant, is a reviewable nonjurisdictional determination. The defendant suggests that a policy decision has been made similar to that in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). In *Thermtron*, a basis for federal jurisdiction over the removed action had been shown, but the

district court nonetheless remanded the case out of concern for an overburdened docket. Because the remand was not based on one of the grounds of § 1447(c), the Court held that it was reviewable. The defendant suggests that a similar policy determination has been made in the instant case because the district court has concluded that a *Scott–Pontzer* action does not belong in federal court. However, unlike *Thermtron,* the district court in this case has applied a jurisdictional statute to the facts presented. The legal holding with which the defendant takes issue was in the context of the larger jurisdictional determination.

This court has recognized that a remand order may be reviewed if it is "based on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction." *Anusbigian v. Trugreen/Chemlawn, Inc.,* 72 F.3d 1253, 1256 (6th Cir.1996), *citing Regis Associates v. Rank Hotels (Management) Ltd.,* 894 F.2d 193, 194–95 (6th Cir.1990). But when the issue sought to be appealed is subsumed into the jurisdictional decision, it is not independently appealable. *Anusbigian,* 72 F.3d at 1256 (if district court determines that it lacks subject matter jurisdiction over a removed case and for that reason remands it, the court of appeals lacks jurisdiction); *Baldridge v. Kentucky–Ohio Transp., Inc.,* 983 F.2d 1341, 1343–49 (6th Cir.1993) (where district court makes a decision that is necessary for determining whether the court has subject matter jurisdiction, the decision falls within the scope of § 1447(d)'s prohibition); *State of Ohio v. Wright,* 992 F.2d 616, 619–20 (6th Cir. 1993) (where question of removal jurisdiction was the heart of the decision, fact that district court had to examine plausibility of federal defense did not confer jurisdiction upon the court of appeals). In the instant case, the district court's holding was one of jurisdiction. Therefore, it is not reviewable.

The defendant also suggests that this court retains jurisdiction because issues of constitutional dimension are presented. It relies primarily upon *In re TMI Litigation,* 940 F.2d 832 (3d Cir.1991), where the district court held unconstitutional a statute that conferred federal jurisdiction. We do not believe that *TMI* compels review where, as here, the court has applied a federal jurisdictional statute and found jurisdiction wanting, nor do we believe the defendant has asserted constitutional arguments of such a magnitude that would warrant ignoring the prohibition of § 1447(d).

The motion to dismiss this appeal hereby is **GRANTED.** The plaintiffs' request for costs is **DENIED.**