Francis E. SWEENEY, Jr., Administrator of the Estate of Alton Bennett, Plaintiff–Appellee,

v.

NATIONAL UNION FIRE INSURANCE COMPANY, Defendant–Appellant.

No. 02–3459.

United States Court of Appeals, Sixth Circuit.

June 21, 2002.

Before NELSON, NORRIS, and BATCHELDER, Circuit Judges.

*ORDER*

The defendant appeals a district court order remanding this case to the state court from which it was removed upon a finding that subject matter jurisdiction was lacking. The plaintiff now moves to dismiss the appeal pursuant to 28 U.S.C. § 1447(d), which provides that an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise. The defendant opposes the motion.

The decedent, Alton Bennett, died as a result of injuries he sustained when struck by an automobile driven by an underinsured motorist. Francis E. Sweeney, Jr., the plaintiff and administrator of Bennett's estate, sued National Union Fire Insurance Company (National Union) in state court seeking underinsured motorist coverage under a policy of insurance issued by National Union to Bennett's employer, LTV Steel. National Union removed the action to the United States District Court for Northern District of Ohio based on diversity of citizenship. The plaintiff moved to remand, and on March 22, 2002, the district court entered an order granting the plaintiff's motion. This appeal is taken from that order.

In determining that subject matter jurisdiction was lacking, the district court relied on 28 U.S.C. § 1332(c)(1) which states, in relevant part, that

in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such

insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business....

National Union is a Connecticut corporation with its principal place of business in Connecticut. The insured, LTV Steel, is a citizen of Ohio. The district court concluded that the plaintiff's claim was a "direct action" against National Union pursuant to "a policy or contract of liability insurance" to which the insured, LTV Steel, was not joined as a party-defendant.[1] Thus, § 1332(c)(1) required the court to consider National Union to also be a citizen of the state of which LTV Steel is a citizen, i.e., Ohio. Because the plaintiff is an Ohio citizen there was no diversity of citizenship, and the district court remanded the case to state court pursuant to 28 U.S.C. § 1447(c), which requires that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Title 28 U.S.C. § 1447(d) bars review of remand orders to state courts when the order "fall[s] into either category of remand order described in § 1447(c) ... lack of subject matter jurisdiction or defects in removal procedure." *Quackenbush v. All-state Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). *See Therm-tron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 346, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *Zuniga v. Blue Cross and Blue Shield of Michigan*, 52 F.3d 1395, 1400 (6th Cir.1995). National Union claims, however, that the district court did not remand the case for lack of jurisdiction,

"but rather to relieve congestion of its docket." In *Thermtron*, the district court entered an order remanding a properly removed case out of concern for an over-burdened docket. The Supreme Court reviewed the order because it was not based on grounds specified in § 1447(c) and held that the district court had exceeded its statutorily defined power by remanding the case "on grounds ... not recognized by the controlling statute." *Thermtron*, 423 U.S. at 351. In the present case, the district court merely acknowledged that the applicable jurisdictional statute, 28 U.S.C. § 1332(c)(1), was intended by Congress to remedy the docket problems resulting from "direct action statutes [which] tend to expand diversity jurisdiction by doing away with an injured party's obligation to join an insured who is a resident of the same state." *Aetna Cas. & Sur. Ins. Co. v. Greene*, 606 F.2d 123, 125 (6th Cir.1979).

Neither can it reasonably be argued, as National Union does, that "[t]he proper construction of 28 U.S.C. § 1332(c) is an issue that is separate and apart from any jurisdictional conclusions that result therefrom, and therefore is subject to review by the Sixth Circuit in this matter." Under the "substantive decision" exception to § 1447(d)'s prohibition established in *City of Waco, Tex. v. United States Fidelity & Guar. Co.*, 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934), "a remand order is reviewable on appeal when it is based on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction." *Regis Associates v. Rank Hotels (Management) Ltd.*, 894 F.2d 193,

---

1. The plaintiff's claim was based on the Ohio Supreme Court's decision in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (Ohio 1999). There is currently a split in the Northern District of Ohio on whether *Scott–Pontzer* type cases are "di-

rect action[s] against the insurer of a policy or contract of liability insurance" for purposes of § 1332(c)(1). *See Fellows–Knox v. Genesis Ins. Co.*, 201 F.Supp.2d 795, 797–98 (N.D.Ohio 2002) (discussing district split).

194 (6th Cir.1990). *See Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1256 (6th Cir.1996). In the present case, the district court looked at the proper construction of § 1332(c)(1) solely for the purpose of determining subject matter jurisdiction. The court's conclusion that the plaintiff's claim was a direct action against National Union pursuant to a policy or contract of liability insurance for purposes of § 1332(c)(1) had no relevance independent of its determination that it lacked subject matter jurisdiction. *See Excimer Associates, Inc. v. LCA Vision, Inc.*, 292 F.3d 134, 138–39 (2d Cir.2002). Moreover, review is barred even if the district court's conclusion on this issue was in error. Section 1447(d) "prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not and whether review is sought by appeal or by extraordinary writ." *Thermtron*, 423 U.S. at 343.

National Union additionally argues that in *Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989), the Supreme Court "accepted *certiorari* of the precise issue of whether a particular action constitutes a 'direct action' under 28 U.S.C. § 1332(c)." However, in *Northbrook* the plaintiff's workers' compensation action was brought in federal court. There was no removal based on diversity of citizenship or remand pursuant to § 1447(c); therefore, § 1447(d)'s bar to appellate review was inapplicable. For the same reason, the cases cited by National Union in support of its constitutional claims are inapposite.

The plaintiff's motion to dismiss is **GRANTED.**